■ BERG-BAKIS LIMITED et al., Appellants-Respondents, v CITY OF YONKERS et al., Respondents-Appellants. — In an action to recover damages for, *inter alia*, abuse of process, the parties cross-appeal from a judgment of the Supreme Court, Westchester County (Edelstein, J.), entered August 13, 1981, which, after a jury trial, awarded plaintiffs compensatory damages in the principal amount of $1,000 and punitive damages in the principal amount of $10,000 payable by the defendant city and $1,000 payable by each of the individual defendants. Judgment modified, on the law, by deleting the provision awarding punitive damages against the defendant municipality and substituting a provision dismissing the claim for such damages as against the municipality. As so modified, judgment affirmed, without costs or disbursements. As plaintiffs concede, the punitive damages award against the city was improper (see *City of Newport v Facts Concerts*, 453 US 247; *Sharapata v Town of Islip*, 82 AD2d 350, affd 56 NY2d 332). Therefore, said award must be vacated. In this action plaintiff Lawrence Kupferberg, a former public school teacher in the South Bronx, sought to prove that he lost his investment in four residential properties in the City of Yonkers because defendants placed hundreds of false or petty violations against them in an unsuccessful effort to extort payments from him. On appeal, plaintiffs contend that the jury's award of only $1,000 as compensatory damages was egregiously small because of an improper refusal by the trial court to inform the jury in the damages portion of the bifurcated trial that defendants were to be held accountable not only for abuse of process but also for a violation of plaintiffs' civil rights under section 1983 of title 42 of the United States Code. In short, plaintiffs argue that the trial court's failure to inform the jury, which had decided in plaintiffs' favor on their cause of action for abuse of process, that the court had determined to overturn the jury verdict in favor of the defendants on plaintiffs' cause of action for a violation of their civil rights, that is, that the court had concluded that the plaintiffs had proved both causes of action, rather than only one, resulted in denying plaintiffs their right to have damages assessed adequately. We do not agree with that contention. Whether the plaintiffs were to recover compensatory damages on their cause of action for abuse of process or on the civil rights cause of action, the purpose of such damages is "to make the injured party whole to the extent that it is possible to measure his injury in terms of money" (*Sharapata v Town of Islip*, 82 AD2d 350, 366, *supra*). That being so, the submission to the jury of the civil rights cause of action which includes the same elements as the abuse of process claim would add nothing to the plaintiffs' recovery. The plaintiffs sustained a single injury and are entitled to one recovery only. Indeed, to allow the plaintiffs to recover separate damages on each of the two causes of action, or additional damages simply because they had proved both causes of action which had the same elements, would result in a proscribed double recovery (see *Zarcone v Perry*, 78 AD2d 70, affd 55 NY2d 782). Since plaintiffs raise no other argument in support of their assertion that the jury's compensatory damages verdict of $1,000 was inadequate, we see no reason to disturb it. We have considered the other points raised and find them to be without merit. Accordingly, the judgment, as modified to exclude punitive damages against the city, must be affirmed. O'Connor, J. P., Bracken, Niehoff and Boyers, JJ., concur.