■ Lauren Felice, Respondent, v G. Andre Delporte et al., Appellants.—Judgment unanimously reversed on the law and new trial granted on the issue of punitive damages only, unless plaintiff shall within 30 days of the service of the order herein, with notice of entry thereof, stipulate that the punitive damage award against defendants Delporte be reduced to $120,000 and the punitive damage award against defendant Arcadia Management, Inc., be reduced to $80,000, in which event the judgment shall be modified accordingly, and as modified, affirmed, without costs. Memorandum: In this action for compensatory and exemplary damages premised upon a violation of section 51 of the Civil Rights Law, the trial court

properly ruled, as a matter of law, that defendants violated the statute when, without plaintiff's consent, they used her photograph on commercial billboard advertising.

The jury awarded plaintiff compensatory damages in the sum of $150,000. It also awarded punitive damages in the sum of $500,000, 60% ($300,000) of which was awarded against defendants Delporte and 40% ($200,000) of which was awarded against defendant Arcadia Management, Inc. In entering judgment on the verdict, however, the trial court erred in adjudging that defendants were jointly and severally liable for the full amount of the punitive damage award. Such damages are in the nature of a penalty and contribution among tort-feasors is not permissible *(Smith v Guli,* 106 AD2d 120).

Although the standard of review of the amount of a jury verdict has recently been codified *(see,* CPLR 5501 [c]), this case is governed by the traditional rule that an award should not be disturbed unless it shocks the conscience of the court *(see, Beardsley v Wyoming County Community Hosp.,* 79 AD2d 1110; *Juiditta v Bethlehem Steel Corp.,* 75 AD2d 126). Applying that standard, we conclude that the award of compensatory damages is not excessive. We reach a contrary conclusion, however, concerning the awards of punitive damages. "The propriety of a punitive award is not generally susceptible to precise measurement" *(O'Donnell v K-Mart Corp.,* 100 AD2d 488, 492), and an appellate court should not reduce the amount awarded by the jury "unless it is so grossly excessive 'as to show by its very exorbitancy that it was actuated by passion' (1 Clark, New York Law of Damages, § 56, p 102; accord Restatement, Torts, Comment *d,* § 908; 14 NY Jur, Damages, § 188)" *(Nardelli v Stamberg,* 44 NY2d 500, 504). Applying that standard, we find that the awards of punitive damages are grossly excessive *(see, Faulk v Aware, Inc.,* 19 AD2d 464, 471-472). Accordingly, the judgment must be reversed and a new trial granted unless the plaintiff consents to a reduction of the punitive damage award against defendants Delporte to $120,000 and a reduction of the punitive damage award against defendant Arcadia Management, Inc. to the sum of $80,000, in which event the judgment as modified should be affirmed.

We have considered the other issues raised by defendants on appeal and find them to be without merit. (Appeal from judgment of Supreme Court, Onondaga County, Donovan, J.—civil rights violation.) Present—Dillon, P. J. Green, Pine and Balio, JJ.