■ BERNARD FRANK, Respondent, v STATE-WIDE INSURANCE COMPANY, Appellant, et al., Defendant.—In an action for a judgment declaring that an insurance policy issued by the defendant State-Wide Insurance Company provides excess insurance coverage for Carol Astore Katz, the deceased wife of

the defendant Martin Katz, with respect to an accident which occurred on June 20, 1985, the defendant State-Wide Insurance Company appeals from a judgment of the Supreme Court, Nassau County (Roberto, J.), dated June 22, 1988, as amended August 2, 1988, which, upon a jury verdict, granted the relief requested.

Ordered that the judgment, as amended, is affirmed, with costs.

On June 20, 1985, Carol Astore Katz, now deceased, while driving the car owned by her father Philip Astore, was involved in a car accident with the plaintiff, Bernard Frank. At that time, Carol Astore Katz's husband, the defendant Martin Katz, had a policy of insurance in effect with the defendant State-Wide Insurance Company. Under the terms of this policy, excess coverage was extended to Carol provided that the vehicle involved in the accident was not owned by her or furnished for her regular use. The plaintiff subsequently commenced this action, seeking a judgment declaring that the excess coverage provision of the policy applied.

At trial, the court submitted the following interrogatory to the jury: "Was the 1976 Datsun owned by Philip Estore *[sic]* furnished for the regular use of Carol Estore *[sic]* Katz?" The court instructed the jury that they could consider the availability and number of times the Datsun was used by Carol Astore Katz in making their determination. The court instructed the jury that State-Wide Insurance Company had the burden of proof with respect to this factual issue. The jury answered the interrogatory in the negative and the court directed that judgment be entered for the plaintiff.

The purpose of a provision for coverage when an insured is operating a vehicle not owned by the insured or regularly used by the insured is to provide protection for the occasional or infrequent use of a vehicle and is not intended as a substitute for insurance on vehicles furnished for the insured's regular use. Whether a car has been furnished for regular use within the meaning of the exclusion is determined by the particular facts and circumstances in each case. Factors to be considered include the general availability of the vehicle and the frequency of its use by the insured *(Liberty Mut. Ins. Co. v Sentry Ins.,* 130 AD2d 629; *Federal Ins. Co. v Allstate Ins. Co.,* 111 AD2d 146).

Under these principles, the interrogatory properly defined the factual issue in this case. Nor did the court err in charging the jury that the appellant had the burden of proof

on the factual issue in this case. The burden of proving that a claim falls within the exclusions of an insurance policy rests with the insurer; therefore, the court's charge in this respect was correct (see, Neuwirth v Blue Cross & Blue Shield, 62 NY2d 718).

In charging the jury, the court stated that a senior vice-president of the appellant was an interested witness. The mere employer-employee relationship between a party and a witness does not in and of itself make the employee an interested witness, although it may give rise to bias (Coleman v New York City Tr. Auth., 37 NY2d 137, 142). Although there are cases where a nonparty should be deemed an interested witness (see, Calandra v Norwood, 81 AD2d 650), no showing was made that such was the case here. However, since the testimony of the senior vice-president was not substantially disputed and had little bearing on the primary factual issue, the trial court's instructions to the jury are not grounds for reversal (see, Coleman v New York City Tr. Auth., supra, at 143).

The appellant's other arguments are without merit. Carol Astore Katz's father, Philip Astore, a nonparty in this case, was not an interested witness, as that term has been defined (see, Coleman v New York City Tr. Auth., supra, at 142). Finally, the court was correct in refusing to admit two documents offered by the appellant under the business record exception to the hearsay rule, because there was no showing that the persons who made the statements embodied in those documents were under a business duty to do so (see, Johnson v Lutz, 253 NY 124). Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.