■ Nathaniel Carter, Appellant, v State of New York, Respondent. (Claim No. 73351.)—In a claim to recover damages for injuries sustained as a result of wrongful conviction and imprisonment, the claimant appeals from a judgment of the Court of Claims (Rossetti, J.), dated May 2, 1988, which dismissed his claim on the ground that he had been fully compensated for his unjust conviction and imprisonment by virtue of the settlement of a Federal civil rights action previously brought by him.

Ordered that the judgment is affirmed, with costs.

In June 1982 the claimant was convicted of murder in the second degree for murdering his estranged wife's foster mother, and assault in the first degree for assaulting his estranged wife. He was sentenced to concurrent terms of 25 years' to life imprisonment and 5 to 15 years' imprisonment. After serving approximately 19½ months of his sentence, the claimant was released when information surfaced proving that his estranged wife had committed the murder and had inflicted the injuries upon herself, the claimant was innocent of the crimes, and the police had suppressed evidence that would have exculpated the claimant.

Thereafter the claimant commenced a Federal civil rights

action pursuant to 42 USC § 1983 against the City of New York, its Police Commissioner and various police officers, alleging violations of his rights under the Sixth, Eighth and Fourteenth Amendments of the US Constitution, in that he had been wrongfully convicted and imprisoned as a result of suppression by the police of exculpatory evidence. The Federal complaint also asserted pendent State law claims for negligence and malicious prosecution. Pursuant to a stipulation filed on June 6, 1986, the Federal action was settled for the sum of $450,000, inclusive of attorneys' fees, and the defendants received a general release.

The claimant then filed a claim against New York State pursuant to Court of Claims Act § 8-b (known as the Unjust Conviction and Imprisonment Act of 1984), alleging severe mental and physical injuries, loss of liberty and loss of income as a result of his wrongful conviction and imprisonment. Following a trial at which the claimant was the only witness, the Court of Claims dismissed his claim, finding that his pecuniary and nonpecuniary damages amounted to $240,000, but that the settlement in the Federal court action had already fully compensated him therefor.

On appeal, the claimant contends that the Court of Claims had no authority to offset the settlement of his civil rights action against his award under Court of Claims Act § 8-b, because this statute, which was designed to discharge a moral obligation of the State without any showing of wrongdoing, contains no provision expressly forbidding a double recovery. The claimant's contention is without merit.

A review of the legislative history reveals that in enacting Court of Claims Act § 8-b, the State assumed a moral obligation to compensate innocent persons who have been unjustly convicted and imprisoned but who were otherwise barred from recovery because of the difficulty almost inevitably encountered by such persons in proving the elements of malicious prosecution and false imprisonment (1984 Report of NY Law Rev Commn, at 37-79). Under the new statute, a claimant thwarted by the onerous requirements of conventional causes of action from being recompensed for unjust incarceration may file a claim against the State, merely upon a showing that he was innocent of the crime for which he was imprisoned, and that he was not through any other misconduct responsible for his own prosecution (1984 Report of NY Law Rev Commn, at 72-76). In the language of Court of Claims Act § 8-b (1): "The legislature finds and declares that innocent persons who have been wrongly convicted of crimes and

subsequently imprisoned have been frustrated in seeking legal redress due to a variety of substantive and technical obstacles in the law and that such persons should have an available avenue of redress over and above the existing tort remedies to seek compensation for damages." Since the evil sought to be remedied was the likelihood of no recovery, the statute quite logically did not address the possibility of double recovery. There is therefore nothing in the statute or its legislative history to suggest that the traditional rule against double recovery may not be applied to a claim brought pursuant to Court of Claims Act § 8-b. Accordingly, where, as here, a claimant has not been "frustrated in seeking legal redress", has already been compensated for all of his injuries resulting from his unjust conviction and imprisonment, and has demonstrated no additional compensable damages upon a trial of his claim (see, Fudger v State of New York, 131 AD2d 136), further recovery under Court of Claims Act § 8-b should be denied (cf., Berg-Bakis Ltd. v City of Yonkers, 90 AD2d 784; Zarcone v Perry, 78 AD2d 70, affd 55 NY2d 782, cert denied 456 US 979). Thompson, J. P., Brown, Kunzeman and Rubin, JJ., concur. [See, 139 Misc 2d 423.]