■ ROBERT F. STAUDACHER, Appellant, v CITY OF BUFFALO et al., Respondents.—Order unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court, Erie County, for a new trial on the issue of punitive damages only. Memorandum: Plaintiff appeals from an order in which the trial court, *sua sponte,* set aside a jury verdict in plaintiff's favor and ordered a new trial. Plaintiff sued the City of Buffalo, its police department and five police officers for injuries he received following an altercation in front of a local tavern. The trial court properly set aside the verdict on its own initiative, notwithstanding defendants' failure to object or except to the charge. The court had inherent power to order a new trial in the interest of justice *(see,* CPLR 4404 [a]; *Micallef v Miehle Co.,* 39 NY2d 376, 381; *Matter of De Lano,* 34 AD2d 1031, 1032, *affd* 28 NY2d 587) and properly exercised it because one error in the charge was fundamental *(see, Titlebaum v Loblaws, Inc.,* 75 AD2d 985, 986; *DiGrazia v Castronova,* 48 AD2d 249, 251-252). The immunity of a municipality from punitive damages does not extend to individual police officers *(see, Sharapata v Town of Islip,* 56 NY2d 332, 338; *Carney v City of Utica,* 148 AD2d 927). The charge and verdict sheet failed to separate the claims for punitive damages on each cause of action and for each defendant. A claim for punitive damages is not a separate cause of action but constitutes merely an element of a claim for damages on the underlying causes of action *(see, Steinberg v Monasch,* 85 AD2d 403, 406; *Knibbs v Wagner,* 14 AD2d 987). Moreover, a lump-sum verdict on punitive damages against all defendants is improper since there can be no joint and several liability or contribution with regard to it *(see, Felice v Delporte,* 136 AD2d 913; *Smith v Guli,* 106 AD2d 120, 122).

The court's charge on battery was adequate. It defined battery as an unlawful and intentional touching without provocation or justification and further defined intent. On this record, nothing more was required. Moreover, the award of damages on the battery cause of action was not so excessive as to shock the conscience of this court. Thus, the verdict on the battery claim must be affirmed.

The portion of the verdict awarding plaintiff damages on the malicious prosecution and false imprisonment claims is not excessive and also must be affirmed. The court properly dismissed plaintiff's claims of negligence and violation of 42 USC § 1983 prior to jury deliberation and our reinstatement of the battery verdict provides plaintiff with essentially the same

damages recoverable under those theories in any event *(see, Berg-Bakis Ltd. v City of Yonkers,* 90 AD2d 784, *lv denied* 64 NY2d 603). Given our resolution we need not reach the other issues raised on appeal.

Accordingly, the order which vacated the jury's verdict in its entirety and directed a new trial should be modified, on the law, to the extent of reinstating the jury's award of compensatory damages on plaintiff's claims of battery, false imprisonment and malicious prosecution, severing the claim for punitive damages and remitting the matter for trial on the issue of punitive damages only *(see, Le Mistral, Inc. v Columbia Broadcasting Sys.,* 61 AD2d 491, 494-495). (Appeal from order of Supreme Court, Erie County, Mintz, J.—set aside verdict.) Present—Boomer, J. P., Green, Pine, Balio and Davis, JJ.