■ JANICE KILBURN, Individually and as Administratrix of the Estate of ROBERT KILBURN, Deceased, Respondent, v ACANDS, INC., et al., Defendants, and OWENS-CORNING FIBERGLAS CORPORATION et al., Appellants. MILDRED A. KELLY, Individually and as Administratrix of the Estate of HARRY F. KELLY, Deceased, Respondent, v ACANDS, INC., et al., Defendants, and OWENS-CORNING FIBERGLAS CORPORATION et al., Appellants. EMILY McKEE, Individually and as Executrix of HAROLD H. McKEE, Deceased, Respondent, v ACANDS, INC., et al., Defendants, and OWENS-ILLINOIS, INC., Appellant.—Order unanimously reversed on the law without costs and verdicts reinstated. Memorandum: In these wrongful death actions consolidated for trial, the jury returned verdicts in favor of defendants. Plaintiffs' motions to set aside those verdicts as against the weight of the evidence were denied by the trial court. On its own motion, however, the trial court set aside the verdicts on the ground that it had failed to charge the jury, as requested by plaintiffs, that adherence to government standards by defendants did not relieve them of their obligation to make their products reasonably safe and would not preclude findings of negligence and liability. We conclude that the trial court abused its discretion in setting aside the verdicts *sua sponte.*

Although plaintiffs requested the charge, they failed to preserve the alleged error because they took no exception when the trial court neglected to give the charge to the jury

*(see, Bichler v Lilly & Co.,* 55 NY2d 571, 583; *Byrd v Genesee Hosp.,* 110 AD2d 1051, 1052). In the absence of preservation, a trial court may exercise its discretion to set aside a verdict because of an error in the charge only if the error is fundamental *(see, Staudacher v City of Buffalo,* 155 AD2d 956; *DiGrazia v Castronova,* 48 AD2d 249, 251-252; *see also,* CPLR 4404 [a]). An error in the charge is fundamental only when it is so significant that the jury was prevented from fairly considering the issues at trial *(see, Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, 154-155, *appeal dismissed* 75 NY2d 947; *Avram v Haddad,* 88 AD2d 942; *DiGrazia v Castronova, supra,* at 252; *see also, Medina v New York City Tr. Auth.,* 57 AD2d 946; *Clark v Donovan,* 34 AD2d 1099, 1100, *appeal dismissed sub nom. Clark v Olson,* 31 NY2d 661). There is no fundamental error, however, when the charge "incorporate[s] the factual contentions of the parties in respect of the legal principles charged" *(Arroyo v Judena Taxi,* 20 AD2d 888, 889; *see also, Purcell v Doherty,* 55 NY2d 985; *Green v Downs,* 27 NY2d 205; *Jemison v Goodman,* 49 AD2d 1011).

Any error of the trial court in failing to give the requested charge was not fundamental. At trial, defendants put on a state of the art defense, contending that their asbestos-containing products were safe in light of the medical and scientific knowledge available at the time of their manufacture and distribution. The charge properly addressed that defense. Although they buttressed their defense with evidence that certain government regulations were consistent with then current medical and scientific knowledge, defendants did not contend that their products were safe because they had complied with government regulations. Defendants did not rely on those regulations either to establish the state of scientific knowledge or to show that compliance with them should absolve defendants of liability. The requested charge, therefore, was not necessary for the jury to consider fairly the issues at trial. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Set Aside Verdict.) Present—Denman, P. J., Pine, Lawton, Boehm and Davis, JJ.