OPINION OF THE COURT
Alan D. Oshrin, J.
In this products liability action, the plaintiff claims that the defendant Honda improperly designed a recreational vehicle known as a ATC 250R. The vehicle was built in 1985, sold in 1987 and the plaintiff was injured while operating the vehicle on a public road in 1989. The vehicle in question has three wheels: one in the front and two to the rear.
The plaintiffs claims of defective design concern two aspects of the vehicle. First, the plaintiff claims that the distance between the ground and the center of gravity when compared to the distance between the center of gravity and a line running from the front to either rear wheel is such that the distance between the center of gravity and the aforementioned line is too small in comparison to the distance between the ground and the center of gravity creating a vehicle which is unstable. Second, the plaintiff claims that the vehicle in question has a single rear axle as opposed to a rear axle with differential making the vehicle defective because when one wheel is lifted off the ground during operation and then comes back down to the ground, the vehicle becomes difficult, if not impossible, to steer. The defendant denies these allegations.
The issue before the court is whether testimony from Dr. Robert Wright is admissible in an effort to establish the design defects previously referred to. Dr. Wright is a graduate of Butler University with a Master’s degree and a Ph D from Ohio State University. While Dr. Wright never took courses in mechanical engineering, he has taught various engineering courses and has taken numerous courses in mathematics. Dr. Wright also authored two papers: one entitled Stability and Maneuverability Problems of ATVs, and the other entitled A Safer ATV. Those papers were presented to the Society of Automotive Engineers (SAE) in 1991. Both papers went through a single peer review process and the paper entitled Stability and Maneuverability Problems of ATVs was subject to peer review a second time as part of its presentation in SAE Transactions — Journal of Passenger Cars. Dr. Wright stated that no adverse comments to this publication were received.
According to Dr. Wright, the principle which he espouses and to which he refers as B over H is a recognized mathemat *398 ics and physical engineering principle stating that the distance from the center of gravity to the side of the vehicle as measured by the line from the front to the rear tires must at least equal the distance from the center of gravity to the ground for the vehicle to be sufficiently stable so as not to be dangerous. Dr. Wright stated that the calculations are mathematic in nature and are capable of precise calculation.
The defendant objects arguing that the principle espoused by Dr. Wright has not been generally accepted in the engineering community and thus may not be presented to the jury at this time (citing Daubert v Merrell Dow Pharms., 509 US 579 [1993]). Consideration of this issue begins with understanding that the role of the court is limited to that of gatekeeper. It is for the court to screen expert testimony for trustworthiness and reliability to determine whether such evidence may be presented to, and considered by, the jury.
The focus in Daubert (supra) was on whether there was sufficient acceptance of the material to establish reliability. Daubert’s expert screening factors are: (1) whether the expert’s concept has been tested; (2) whether it has been subjected to peer review; (3) what the known rate of error is; and (4) whether the concept is generally accepted by the scientific community to which it belongs. In Kumho Tire Co. v Carmichael (526 US 137, 141 [1999]), the Supreme Court held that Daubert’s “gatekeeping” obligation, requiring an inquiry into both relevance and reliability, applies not only to scientific testimony but to all expert testimony. In Kumho Tire the Daubert factors were considered to the extent relevant as to the testimony of an engineering expert. In writing for the Court Mr. Justice Breyer observes that the Daubert factors were not meant to be definitive; that the Daubert gatekeeping inquiry is a flexible one, and that the trial court has broad discretion in the manner in which it determines reliability in light of the particular facts and circumstances of the particular case.
In New York, after the Supreme Court’s opinion in Daubert (supra), the stricter “general acceptance” test of Frye v United States (293 F 1013 [1923]) had continued to be applied in cases where the issue was the reliability and admissibility of novel scientific evidence (see, People v Wernick, 89 NY2d 111 [1996]; People v Wesley, 83 NY2d 417 [1994]; People v Green, 250 AD2d 143 [1998]; People v Roraback, 242 AD2d 400 [1997], Iv denied 91 NY2d 879 [1997]; Collins v Welch, 178 Misc 2d 107 [1998]; Castrichini v Rivera, 175 Misc 2d 530 [1997]). Where, however, the evidence is not scientific or not novel, the Frye analysis is *399 not applicable (see, People v Persuad, 244 AD2d 577 [1997], Iv denied 91 NY2d 976 [1998]; People v Roraback, 242 AD2d 400, supra; People v DiNonno, 171 Misc 2d 335 [1997]). Inasmuch as the testimony in the case at bar is that of an engineer, and inasmuch as the testimony is based upon, according to the witness, recognized technical or other specialized knowledge, the court finds that the stricter general acceptance standard of Frye is not applicable. The court will apply the reliability standard as derives from Daubert and Kumho Tire (supra).
A hearing outside the presence of the jury was held on May 4, 1999. Dr. Wright testified as to his schooling, his qualifications, his presented papers and the courses he has taught as noted above. Also as noted above, the papers were subject to peer review prior to presentation and subject to comment after presentation. With respect to peer review, Dr. Wright testified that the “peers” are all experts in the field of engineering. No evidence of comments disputing the positions taken by Dr. Wright has been provided to the court. Dr. Wright testified that there are a limited number of persons interested in the stability of three-wheeled ATVs, thereby limiting the number of persons who would constitute the class of potential acceptors.
Dr. Wright testified as to lateral stability; centripal acceleration; torque (moment of stability); moment of lateral upset; speed of upset, longitudinal upset and alternate designs within the context of his B over H analysis. Dr. Wright testified as to a differential rear axle as opposed to a single rear axle and the effect upon steering and tipping. Dr. Wright also testified as to the mathematic and engineering principles available to test his theory and the small opportunity for potential rate of error as to the B over H analysis.
Given Dr. Wright’s knowledge of mathematics and physical engineering principles; his teaching, practical experience and technical engineering background; peer review of his presented papers; lack of dispute after presentation of such papers by the relevant engineering community; the small opportunity for potential rate of error; the availability of mathematic and engineering principles to test Dr. Wright’s theory and the fact that Dr. Wright testified that the theory is grounded upon long-standing mathematic and engineering principles and lack of contradiction, the court finds that Dr. Wright’s testimony is sufficiently trustworthy and reliable to be presented to, and considered by, the jury.