■ NICHOLAS DILALLO, Appellant, v KATSAN LIMITED PARTNERSHIP, Defendant, and JPMORGAN CHASE & COMPANY, Respondent. [21 NYS3d 329]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Giacomo, J.), entered August 5, 2014, as, upon a jury verdict on the issue of liability in favor of the defendant JPMorgan Chase & Company, and an order of the same court, dated June 30, 2014, which denied his motion pursuant to CPLR 4404 to set aside the verdict and for a new trial, is in favor of the defendant JPMorgan Chase & Company and against him dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the motion pursuant to CPLR 4404 to set aside the jury verdict on the issue of liability in favor of the defendant JPMorgan Chase & Company is granted, the complaint is reinstated against that defendant, and the matter is remitted to the Supreme Court, Westchester County, for a new trial.

The plaintiff alleged that he was injured when he fell alighting from his vehicle after parking in the parking lot for a building leased to the defendant JPMorgan Chase & Company (hereinafter Chase). The plaintiff, who had a handicapped parking permit, parked his vehicle in a handicapped designated

parking spot and, upon exiting the vehicle, placed his feet in the grassy area adjacent to the parking spot. After he closed the door to his vehicle, he allegedly slid down the grassy slope and was injured. Pursuant to Chase's lease, it was responsible for maintaining the parking lot.

The plaintiff commenced this action to recover damages for personal injuries against Chase and another defendant. The action was tried before a jury, and at the close of evidence the Supreme Court granted the motion of the other defendant to dismiss the complaint insofar as asserted against it. The plaintiff requested that the trial court charge the jury with New York Pattern Jury Instructions (hereinafter PJI) 2:25 based, inter alia, on his allegations that Chase violated certain sections of the Building Code of New York State (19 NYCRR part 1221) (2010) which pertain to the requirement that access aisles measuring a minimum of eight feet wide be provided for handicapped parking spaces in off-street parking lots. Chase requested that the trial court charge PJI 2:29, which pertains to the statutory standard of care set forth in ordinances or regulations. The trial court denied both requests. Thereafter, the jury returned a verdict on the issue of liability in favor of Chase. The Supreme Court entered judgment in favor of Chase and the other defendant dismissing the complaint. We reverse the judgment insofar as appealed from and remit the matter to the Supreme Court for a new trial against Chase.

Jury instructions should adequately convey "the sum and substance of the applicable law to be charged" (*Phillips v United Artists Communications*, 201 AD2d 634, 635 [1994]; *see Rakoff v New York City Dept. of Educ.*, 110 AD3d 780, 780-781 [2013]). A new trial is warranted when an error is "so significant that the jury was prevented from fairly considering the issues at trial" (*Kilburn v Acands, Inc.*, 187 AD2d 988, 989 [1992]; *see Pagnotta v Diamond*, 51 AD3d 1099, 1100 [2008]).

"The general rule is that the violation of a statute that establishes a specific safety duty constitutes negligence per se" (*Pierre-Louis v DeLonghi Am., Inc.*, 66 AD3d 857, 858 [2009]). When evidence is presented that a defendant violated such a statute, the jury's role is to determine whether the violation of that statute proximately caused the plaintiff's injury (*see McConnell v Nabozny*, 110 AD2d 1060 [1985]; PJI 2:25). Moreover, if proven, a violation of the Building Code of New York State can be considered by a jury as some evidence of negligence (*see Hill v Cartier*, 258 AD2d 699, 701 [1999]; PJI 2:29; *see also Scala v Scala*, 31 AD3d 423, 424 [2006]; *Enrichment Enters. v Jempris Realty Corp.*, 272 AD2d 432, 433 [2000]).

On appeal, the plaintiff argues that the trial court committed reversible error warranting a new trial by failing to instruct the jury in accordance with PJI 2:25 or 2:29. The plaintiff's expert architect testified that the subject parking spot did not conform to requirements set forth in "New York State code and building regulations" or the Americans with Disabilities Act of 1990 (42 USC § 12101 *et seq.*), both of which were applicable to the subject parking lot. Specifically, the evidence presented at trial demonstrated that Chase had hired a contractor to repave the subject parking lot and the subject handicapped parking spot was not marked to allow for adjacent access aisles of eight feet in accordance with Property Maintenance Code of New York State § 302.3.1 (2010) and Building Code of New York State § 1106.

Based on the evidence, the trial court should have charged the jury as to the language of the applicable sections of the Americans with Disabilities Act along with PJI 2:25 and the applicable sections of the Building Code of New York State and the Property Maintenance Code of New York State, in conjunction with PJI 2:29. The failure to do so cannot be considered harmless error since these provisions are applicable to the subject parking lot regardless of the evidence that the Town of Bedford considered the repaving project to be maintenance which would not require a permit. Dillon, J.P., Chambers, Austin and Sgroi, JJ., concur.