Newton v State of New York (2018 NY Slip Op 06494)





Newton v State of New York


2018 NY Slip Op 06494


Decided on October 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018

Renwick, J.P., Gische, Kahn, Kern, Moulton, JJ.


7208 115443

[*1]Alan Newton, Claimant-Appellant-Respondent,
v
The State of New York, Defendant-Respondent-Appellant.


Law Office of John F. Schutty, P.C., New York (John F. Schutty of counsel), for appellant-respondent.
Barbara D. Underwood, Attorney General, New York (Mark S. Grube of counsel), for respondent-appellant.



Judgment, Court of Claims (David A. Weinstein, J.), entered on or about December 20, 2017, and bringing up for review an order, same court and judge, entered December 11, 2017, which, after a nonjury trial on damages pursuant to Court of Claims Act § 8-b, awarded claimant $1.2 million for past pain and suffering and $250,000 for lost future earnings, unanimously modified, on the law, to award plaintiff $104,000 for future medical expenses and to remand the matter for a determination on the issue of damages for plaintiff's post-incarceration pain and suffering, and otherwise affirmed, without costs.
At the outset, we note that as defendant appealed not from the judgment, but from the December 11, 2017 order, we deem the appeal from the order to be an appeal from the judgment (see CPLR 5520[c]). Claimant was convicted in two separate prosecutions within a two-week period in 1985 for which he received consecutive sentences. He was exonerated of the second conviction in 2006 after completing the first sentence and 12 years of the second. He prevailed in a federal 42 USC § 1983 action against New York City based on its delay of 12 years in providing the DNA evidence that exonerated him; he subsequently brought this action against the State to recover damages for unjust conviction and incarceration.
Contrary to the State's contention, the damages sought by claimant in this action are not duplicative of the jury award obtained in the federal court action. The damages sought here are distinct from those recovered in the prior action, which were limited to past pain and suffering for the last 12 years of the wrongful incarceration (cf. Carter v State of New York, 154 AD2d 642 [2d Dept 1989]).
Claimant has demonstrated entitlement to damages for his post-incarceration and future pain and suffering, including psychological injuries. The testimony of claimant's psychiatrist sufficiently showed that the psychological injuries could be attributed, in part, to the extended incarceration on the present conviction beyond the six-year term that he had served immediately prior on another unrelated conviction. Also, we find it difficult to believe that claimant's psychological injuries all resulted from the first six years, especially where he had been incarcerated a total of twenty-two years. Further, the State has not submitted any proof confining the cause of claimant's symptoms to the first six years.
Claimant relies on Gristwood v State of New York (39 Misc 3d 1226[A] [Ct Cl 2013], affd 119 AD3d 1414 [4th Dept 2014]) in seeking $1.92 million for post-incarceration and future pain and suffering. However, Gristwood involves only one term of incarceration, and is also factually dissimilar in other respects. As Gristwood is not a comparable case for purposes of determining post-incarceration and future pain and suffering, and a fair compensation could not be determined from the present record, we remand the matter for a determination of an apt award for such damages. Nevertheless, given the undisputed fact that claimant suffers from psychological injuries, we award claimant future medical expenses of $104,000, the anticipated [*2]expenses projected by his psychiatrist for future psychotherapeutic counseling (see Gristwood, 39 Misc 3d 1226[A]).
Claimant failed to prove lost earnings by a "reasonable certainty" (Man-Kit Lei v City Univ. of N.Y., 33 AD3d 467, 468 [1st Dept 2006], lv denied 8 NY3d 806 [2007]), as his experts' analyses were based on assumptions unsupported by the record. Further, the testimony of claimant's vocational rehabilitation expert that the prior conviction would have no effect on claimant's employability is incredible, as well as inconsistent with his conclusion that the present wrongful conviction affected his employability. However, in light of the concession of the State's economist that claimant would have sustained $250,000 in lost earnings if he completed an associate's degree before his release on the other conviction, which had in fact come to pass, we find the award proper.
Claimant contends that the testimony of the State's economist is inadmissible because the methodology he used to arrive at the "theory" that the prior conviction reduced claimant's employability and earnings capacity has not been shown to be generally accepted in the relevant community under Frye v United States (293 F 1013 [1926]). This argument is unpreserved (see Matter of State of New York v David S., 136 AD3d 445, 446 [1st Dept 2016]). In any event, a Frye analysis is inapplicable because the theory is not "scientific" (see People v Brooks, 31 NY3d 939, 941 [2018]; Wahl v American Honda Motor Co., 181 Misc 2d 396, 398-399 [Sup Ct, Suffolk County 1999]). Further, even if it is scientific, the challenge against it does not implicate a Frye analysis, but rather, "the admissibility question applied to all evidence — whether there is a proper foundation — to determine whether the accepted methods were appropriately employed in a particular case" (Parker v Mobil Oil Corp., 7 NY3d 434, 447 [2006]).
The $1.2 million award for past pain and suffering does not deviate materially from what would be reasonable compensation (see Gristwood, 119 AD3d 1414; Gonzalez v State of New York, 26 Misc 3d 1212[A] [Ct Cl 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 2, 2018
CLERK