Bruzzese v Bruzzese (2022 NY Slip Op 01985)





Bruzzese v Bruzzese


2022 NY Slip Op 01985


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-10242 
2018-14752
 (Index No. 6760/11)

[*1]John Bruzzese, respondent-appellant,
v
Sylvia Bruzzese, appellant-respondent.


Sylvia Lembert, named herein as Sylvia Bruzzese, Richmond Hill, NY, appellant-respondent pro se.
Glenn W. Magnell, Goshen, NY (Evan D. Zucker of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated August 25, 2015, (1) the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Orange County (Lori Currier Woods, J.), dated June 25, 2018, and (2) the defendant appeals from an order of the same court dated August 23, 2018. The order dated June 25, 2018, insofar as appealed from, granted those branches of the plaintiff's motion which were for a credit of $9,683.63 for overpayment of child support and for an award of child support to the extent of directing payment by the defendant to the plaintiff in the amount of $1,236.18 per month, and denied those branches of the defendant's cross motion which were for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel, for the appointment of a receiver to immediately sell the plaintiff's residence, for the sequestration of the plaintiff's assets, for a finding of civil contempt against the plaintiff and his counsel, for the imposition of sanctions against the plaintiff and his counsel, and for an award of attorneys' fees. The order dated August 23, 2018, denied the defendant's motion for leave to renew and reargue her opposition to those branches of the plaintiff's prior motion which were for a credit of $9,683.63 for overpayment of child support and for an award of child support, and those branches of her prior cross motion which were for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel, for the appointment of a receiver to immediately sell the plaintiff's residence, for the sequestration of the plaintiff's assets, for a finding of civil contempt against the plaintiff and his counsel, for sanctions against the plaintiff and his counsel, and for an award of attorneys' fees.
ORDERED that the appeal from so much of the order dated June 25, 2018, as granted that branch of the plaintiff's motion which was for a credit of $9,683.63 for overpayment of child support, and denied that branch of the defendant's cross motion which was for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel, is dismissed; and it is further,
ORDERED that the cross appeal from the order dated June 25, 2018, is dismissed as abandoned; and it is further,
ORDERED that the appeal from so much of the order dated August 23, 2018, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no [*2]appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated June 25, 2018, is affirmed insofar as reviewed on the appeal by the defendant; and it is further,
ORDERED that the order dated August 23, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff's cross appeal from the order dated June 25, 2018, must be dismissed as abandoned, as the plaintiff's brief does not request modification or reversal of any portion of that order (see Culen v Culen, 157 AD3d 926, 927).
This action for a divorce and ancillary relief was commenced in 2011. In a decision rendered in 2014 after a lengthy trial, the Supreme Court, inter alia, determined issues of equitable distribution (hereinafter the 2014 decision). A judgment of divorce dated August 25, 2015, incorporated that decision, and directed the parties to comply with its terms. Upon the plaintiff's appeal, this Court, in a decision and order dated July 12, 2017, among other things, did not disturb the equitable distribution provisions of the judgment of divorce (see Bruzzese v Bruzzese, 152 AD3d 563). Thereafter, in an order dated February 27, 2018, the Supreme Court, inter alia, directed the plaintiff to pay to the defendant $3,000 per month, commencing on February 1, 2018, and $10,000 once per year, commencing on April 1, 2018, until the plaintiff paid the defendant her equitable distribution in full pursuant to the 2014 decision.
In or around February 2018, the plaintiff moved, inter alia, for a $9,683.63 credit against the defendant's equitable distribution award, representing child support payments for which he was not credited, as well as for an award of child support. In or around March 2018, the defendant cross-moved, among other things, for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel, for the appointment of a receiver to immediately sell the plaintiff's residence, for the sequestration of the plaintiff's assets, for a finding of civil contempt against the plaintiff and his counsel, for the imposition of sanctions against the plaintiff and his counsel, and for an award of attorneys' fees.
In an order dated June 25, 2018, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for a credit in the sum of $9,683.63 against the defendant's equitable distribution award. The court also granted that branch of the plaintiff's motion which was for an award of child support to the extent of directing the defendant to pay child support in the sum of $1,236.18 per month, commencing on July 15, 2018, having denied the plaintiff's request to increase the amount of the defendant's imputed income. The court denied that branch of the defendant's cross motion which was for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel. The court also denied those branches of the defendant's cross motion which were for the appointment of a receiver, for the sequestration of the plaintiff's assets, for a finding of civil contempt against the plaintiff and his counsel, for the imposition of sanctions against the plaintiff and his counsel, and for an award of attorneys' fees. The defendant appeals from this order.
In an order dated August 23, 2018, the Supreme Court denied the defendant's motion for leave to renew and reargue her opposition to those branches of the plaintiff's prior motion which were for a credit of $9,683.63 for overpayment of child support and for an award of child support calculated on income imputed to her, and those branches of her prior cross motion which were for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel, for the appointment of a receiver to immediately sell the plaintiff's residence, for the sequestration of the plaintiff's assets, for a finding of civil contempt against the plaintiff and his counsel, for the imposition of sanctions against the plaintiff and his counsel, and for an award of attorneys' fees. The defendant appeals from this order, as well.
CPLR 5526 requires that a record on appeal contain the papers and exhibits upon [*3]which the order appealed from was founded. It is the obligation of the appellant to assemble a proper record on appeal (see P.B. #7, LLC v 231 Fourth Ave. Lyceum, LLC, 167 AD3d 1028, 1029). The record on appeal must contain all of the relevant papers that were before the Supreme Court (see Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901). Here, the record on appeal does not contain the exhibits upon which the Supreme Court relied in calculating the sum of $9,683.63 as a credit against the defendant's equitable distribution award. The record on appeal also does not contain the exhibits upon which the court relied in denying the defendant's request for an award of $2,075.08 purportedly held in escrow by the plaintiff's counsel. Omission of these exhibits renders any meaningful appellate review of the defendant's contentions with respect to these determinations impossible (see Deutsche Bank Natl. Trust Co. v Hounnou, 147 AD3d 814, 815). Since the record is inadequate to enable this Court to render an informed decision as to those determinations, the defendant's appeal insofar as it relates to those determinations must be dismissed (see 126 Henry St., Inc. v Cater, 197 AD3d 598, 601).
The Supreme Court properly calculated the defendant's child support obligation based on an imputed income of $75,000 per year, which was the amount that had been imputed to her in the 2014 decision. The defendant failed to demonstrate any basis to modify the amount of income imputed to her. Moreover, she did not submit any evidence to substantiate her contention that she suffers from a disability rendering her unable to work (see Conway v Conway, 79 AD3d 965).
The Supreme Court providently exercised its discretion in declining to appoint a receiver to immediately sell the plaintiff's residence, which is also the residence of the parties' children (see generally Hoffman v Hoffman, 81 AD3d 601).
The Supreme Court providently exercised its discretion in declining to hold the plaintiff and his counsel in civil contempt (see Judiciary Law § 753[A][2], [3]; Santiago v Santiago, 153 AD3d 752, 754), in declining to award the defendant attorneys' fees pursuant to 22 NYCRR 130-1.1, and in declining to impose sanctions on the plaintiff and his counsel (see id.; Winter v Winter, 167 AD3d 822, 822-823).
The defendant's contentions that recusal is warranted, that venue should be changed from Orange County to New York County, and that the Supreme Court failed to follow judicial procedures or enforce high standards of conduct in the courtroom, failed to promptly dispose of the numerous motions filed in this action, and failed to properly enforce its own orders, raised for the first time on appeal, are not properly before this Court (see Halvatzis v Perrone, 199 AD3d 785).
That branch of the defendant's motion which was for leave to renew was properly denied, as the defendant failed to present any new facts not proffered on the prior motion and cross motion that would have changed the prior determination (see CPLR 2221[e]; BSI, LLC v Raimo, 195 AD3d 590; Williams v Nassau County Med. Ctr., 37 AD3d 594).
The defendant's remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., DUFFY, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court