Savino v Savino (2023 NY Slip Op 03717)

Savino v Savino

2023 NY Slip Op 03717

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-02996
 (Index No. 50869/05)

[*1]James Savino, respondent,
v
Anne Savino, appellant.

Robert J. Fileccia, Staten Island, NY, for appellant.
Michael P. Biancanello, Lynbrook, NY, for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated November 14, 2011, the defendant appeals from an order of the Supreme Court, Richmond County (IDV Part) (Catherine M. DiDomenico, J.), dated March 22, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to quash a subpoena served by the defendant, and denied those branches of the defendant's motion which were to sanction the plaintiff and his counsel, and pursuant to CPLR 5015(a) to vacate an order of the same court dated March 11, 2020, without prejudice to the commencement of a separate plenary action.
ORDERED that the order dated March 22, 2021, is affirmed insofar as appealed from, with costs.
The background facts relevant to this matter are set forth in our order on a companion appeal (see Savino v Savino, _____AD3d____ [Appellate Docket No. 2018-10725; decided herewith]).
The plaintiff moved, inter alia, to release escrow funds from the sale of the parties' marital residence pursuant to an order dated June 21, 2018. The defendant did not oppose this motion. In an order dated March 11, 2020, the Supreme Court granted the plaintiff's motion.
The defendant issued a subpoena duces tecum to TD Bank, demanding a copy of bank statements, checks, and transactions from the plaintiff's counsel's IOLA account. Subsequently, the plaintiff moved, inter alia, to quash and vacate this subpoena.
The defendant then moved, among other things, pursuant to CPLR 5015(a)(3) to vacate the March 11, 2020 order, for a money judgment against the plaintiff and his attorney in the sum of $105,455, on the ground that they had misappropriated that portion of the proceeds of the sale of the martial residence, and to sanction the plaintiff and his counsel.
In an order dated March 22, 2021, the Supreme Court, inter alia, granted that branch of the plaintiff's motion which was to quash the defendant's subpoena to TD Bank. The court further denied the branches of the defendant's motion which were to sanction the plaintiff and his counsel and to vacate the March 11, 2020 order, without prejudice to the commencement of a [*2]separate plenary action to recover the funds allegedly misappropriated by the plaintiff and his counsel.
As the parties correctly note, "[n]o plenary action lies to vacate a default judgment, and relief under CPLR 5015(a) must be sought by a motion in the court that rendered the challenged judgment" (Keis v Margiotta, 174 AD3d 697, 698). Here, however, the defendant's motion sought relief which could not be obtained via vacatur of the March 11, 2020 order. The defendant alleged misappropriation of funds, sounding in tort or contract, and directed this allegation, in part, toward a nonparty to the action. Accordingly, this claim must be pursued, if at all, as a separate plenary action.
The Supreme Court properly quashed the subpoena issued by the defendant to TD Bank, since the plaintiff established that it was "utterly irrelevant to the action" (Matter of Kapon v Koch, 23 NY3d 32, 34 [internal quotation marks omitted]).
The Supreme Court properly denied that branch of the defendant's motion which was to sanction the plaintiff and his counsel (see Bruzzese v Bruzzese, 203 AD3d 1007).
The parties' remaining contentions are either without merit or not properly before this Court.
DUFFY, J.P., WOOTEN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court