Matter of Smith v Patterson Fire Dept. No. 1, Inc. (2024 NY Slip Op 04267)

Matter of Smith v Patterson Fire Dept. No. 1, Inc.

2024 NY Slip Op 04267

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LILLIAN WAN
CARL J. LANDICINO, JJ.

2022-08886
 (Index No. 501250/21)

[*1]In the Matter of Eleanora Smith, appellant,
v
Patterson Fire Department No. 1, Inc., et al., respondents.

Gambino & Demers, LLC, Poughkeepsie, NY (Thomas Gambino of counsel), for appellant.
Pinsky Law Group, PLLC, Syracuse, NY (Bradley M. Pinsky of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination dated May 3, 2021, terminating the petitioner's membership in the respondent Patterson Fire Department No. 1, Inc., the petitioner appeals from a judgment of the Supreme Court, Putnam County (Gina C. Capone, J.), dated September 14, 2022. The judgment denied the petition and dismissed the proceeding.
ORDERED that the appeal is dismissed, with costs.
"CPLR 5526 requires that a record on appeal contain the papers and exhibits upon which the order appealed from was founded. It is the obligation of the appellant to assemble a proper record on appeal" (Klein v Richs Towing, 213 AD3d 920, 920-921 [internal quotation marks omitted]; see CPLR 5526; Bruzzese v Bruzzese, 203 AD3d 1007, 1010). Here, the petitioner argues that the Supreme Court should have annulled a determination dated May 3, 2021, terminating her membership in the respondent Patterson Fire Department No. 1, Inc. However, the record does not contain the petitioner's underlying reply affirmation or the audio recording of the meeting at which her membership was terminated, both of which were considered by the court in rendering a determination on the petition. Therefore, the record is inadequate to allow this Court to render an informed decision, and the appeal must be dismissed (see Klein v Richs Towing, 213 AD3d at 920-921; Matter of George v Kings County Hosp. Ctr., 119 AD3d 569).
BRATHWAITE NELSON, J.P., MALTESE, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court