Lopez v Ridgewood Bushwick Homesteading Assistance Hous. Dev. Fund Corp. (2026 NY Slip Op 01045)

Lopez v Ridgewood Bushwick Homesteading Assistance Hous. Dev. Fund Corp.

2026 NY Slip Op 01045

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM G. FORD, J.P.
LOURDES M. VENTURA
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2024-08652
 (Index No. 538062/22)

[*1]Rafael Lopez, plaintiff,
vRidgewood Bushwick Homesteading Assistance Housing Development Fund Corporation, appellant, Hector E. Monegro, etc., respondent.

Weiner, Millo, Morgan & Bonanno LLC, New York, NY (John P. Bonanno and Laurence F. Sulner of counsel), for appellant.
Michael Swimmer (Yoeli Gottlieb & Etra LLP, New York, NY [Michael L. Burke], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Ridgewood Bushwick Homesteading Assistance Housing Development Fund Corporation appeals from an order of the Supreme Court, Kings County (Heela D. Capell, J.), dated June 20, 2024. The order granted the motion of the defendant Hector E. Monegro for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him.
ORDERED that the appeal is dismissed, with costs.
In January 2021, the plaintiff allegedly was injured when he tripped on a sidewalk in front of a commercial premises located in Brooklyn that was owned by the defendant Ridgewood Bushwick Homesteading Assistance Housing Development Fund Corporation (hereinafter Ridgewood) and leased by the defendant Hector E. Monegro. The plaintiff commenced this action against the defendants to recover damages for personal injuries. In March 2024, Monegro moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against him. Ridgewood opposed the motion. In an order dated June 20, 2024, the Supreme Court granted Monegro's motion. Ridgewood appeals.
A party is aggrieved within the meaning of CPLR 5511 "when he or she asks for relief but that relief is denied in whole or in part" or "when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis and footnote omitted]; see Estella v Val Auto, LLC, 221 AD3d 967, 967-968). "[A] defendant is not aggrieved by the dismissal of the plaintiff's complaint against a codefendant, but, rather, only by the dismissal of that defendant's cross claim or third-party claim against a codefendant" (Mixon v TBV, Inc., 76 AD3d at 152; see Abbott v Johnson, 152 AD3d 730, 731). Accordingly, the appeal from so much of the order as granted that branch of Monegro's motion which was for summary judgment dismissing the complaint insofar as asserted against him must be dismissed, as Ridgewood is not aggrieved by that portion of the order (see CPLR 5511; Nugra v Aramalla, 191 AD3d 683, 685; Nunez v Travelers Ins. Co., 139 AD2d 712, 712).
The appeal from so much of the order as granted that branch of Monegro's motion which was for summary judgment dismissing all cross-claims insofar as asserted against him must also be dismissed. "CPLR 5526 requires that a record on appeal contain the papers and exhibits upon which the order appealed from was founded. It is the obligation of the appellant to assemble a proper record on appeal" (Bruzzese v Bruzzese, 203 AD3d 1007, 1010; see Emco Tech Constr. Corp. v Pilavas, 68 AD3d 918, 918). "The record on appeal must contain all of the relevant papers that were before the Supreme Court" (Bruzzese v Bruzzese, 203 AD3d at 1010; see Gaffney v Gaffney, 29 AD3d 857, 857). Here, Ridgewood did not provide its answer establishing what cross-claims, if any, it asserted against Monegro. Since Ridgewood failed to submit a record that would enable this Court to render an informed decision on the merits insofar as it relates to any cross-claims asserted against Monegro, the appeal from so much of the order as granted that branch of Monegro's motion which was for summary judgment dismissing all cross-claims insofar as asserted against him must be dismissed (see Bing v Myrtle 6, LLC, 227 AD3d 769, 770; 126 Henry St., Inc. v Cater, 197 AD3d 598, 601).
FORD, J.P., VENTURA, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court