United Store Fixtures & Importers Corp. v New York City Economic Dev. Corp. (2026 NY Slip Op 01395)

United Store Fixtures & Importers Corp. v New York City Economic Dev. Corp.

2026 NY Slip Op 01395

Decided on March 11, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-10011
 (Index No. 520901/19)

[*1]United Store Fixtures and Importers Corp., appellant,
vNew York City Economic Development Corp., respondent.

Manmohan K. Bakshi, P.C., Manhasset, NY, for appellant.
Steven Banks, Corporation Counsel, New York, NY (Melanie T. West and Chase Henry Mechanick of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated July 31, 2024. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendant in the interest of justice and for a new trial.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendant, inter alia, to recover damages for breach of contract. The action proceeded to a jury trial, after which the jury rendered a verdict in favor of the defendant based upon a finding that the defendant's breach was excused. The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict in the interest of justice and for a new trial. In an order dated July 31, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"CPLR 5526 requires that a record on appeal contain the papers and exhibits upon which the order appealed from was founded. It is the obligation of the appellant to assemble a proper record on appeal" (Bruzzese v Bruzzese, 203 AD3d 1007, 1010; see Klein v Richs Towing, 213 AD3d 920, 920-921). Here, the plaintiff contends that the Supreme Court erred in denying its motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant in the interest of justice and for a new trial on the grounds, among others, that the court failed to admit into evidence certain discovery responses of the defendant, failed to dismiss the defendant's affirmative defenses, and should have granted the plaintiff's motion for a directed verdict. However, the record on appeal does not contain the exhibits the court relied upon in making those determinations, as the subject discovery responses and the parties' contracts were not included in the record on appeal. In addition, the plaintiff contends that the court erred in denying its motion pursuant to CPLR 4404(a) on the ground that it improperly granted that branch of the defendant's oral application which was, in effect, pursuant to CPLR 4401 for judgment as a matter of law dismissing the third cause of action. However, the record on appeal does not include the documents the court relied upon in granting that branch of the defendant's oral application, as the parties' pleadings and contracts were [*2]not included in the record on appeal. Since the record is inadequate to enable this Court to render an informed decision as to those determinations, we do not reach these contentions (see Wilmington Trust, N.A. v Donadio, 218 AD3d 519, 519; Bruzzese v Bruzzese, 203 AD3d at 1010).
"'A motion pursuant to CPLR 4404(a) to set aside a verdict and for a new trial in the interest of justice encompasses errors in the trial court's rulings on the admissibility of evidence, mistakes in the charge, misconduct, newly discovered evidence, and surprise'" (Heller v City of New York, 218 AD3d 552, 554, quoting Chihuahua v Birchwood Estates, LLC, 203 AD3d 1015, 1017). "In considering such a motion, the Trial Judge must decide whether substantial justice has been done, whether it is likely that the verdict has been affected and must look to his or her own common sense, experience and sense of fairness rather than to precedents in arriving at a decision" (Heubish v Baez, 178 AD3d 779, 780 [alterations and internal quotation marks omitted]; see Micallef v Miehle Co., Div. of Miehle-Goss Dexter, 39 NY2d 376, 381). "[T]he trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Feldman v Knack, 170 AD3d 667, 669 [internal quotation marks omitted]; see Hiotidis v Ramuni, 161 AD3d 955, 956).
"'[T]rial courts are accorded wide discretion in making evidentiary rulings and those rulings should not be disturbed on appeal absent an improvident exercise of discretion or a showing of prejudice to a substantial right pursuant to CPLR 2002'" (Traca v Catapano Engg. & Architecture, P.C., 237 AD3d 1134, 1135, quoting Dyszkiewicz v City of New York, 218 AD3d 546, 550; see 6 Harbor Park Dr., LLC v Town of N. Hempstead, 230 AD3d 721, 723). Here, the Supreme Court properly permitted the defendant to use unsigned, but certified, deposition transcripts of two of the plaintiff's witnesses at trial. The defendant submitted evidence which established that these certified deposition transcripts had been submitted for review but that the witnesses failed to sign and return them within 60 days. Therefore, the deposition transcripts were properly used as fully as though they were signed (see CPLR 3116[a]; Farquharson v United Parcel Serv., 202 AD3d 923, 925-926; Franzese v Tanger Factory Outlet Ctrs., Inc., 88 AD3d 763, 763-764). Moreover, since the plaintiff did not raise a challenge to the accuracy of the deposition transcripts, the lack of signatures did not render the transcripts inadmissible (see Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 51; Carey v Five Bros., Inc., 106 AD3d 938, 940).
"In determining the admissibility of expert testimony, New York follows the rule of Frye v United States (293 F 1013 [1923]) that 'expert testimony based on scientific principles or procedures is admissible but only after a principle or procedure has gained general acceptance in its specified field'" (Farrell v Lichtenberger, 194 AD3d 1013, 1015, quoting Lugo v New York City Health & Hosps. Corp., 89 AD3d 42, 55). "An expert's alleged lack of experience is a factor which affects the weight to be given to his or her opinion, but does not affect its admissibility" (Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 847; see Mack-Cali Realty, L.P. v Everfoam Insulation Sys., Inc., 110 AD3d 680, 682; Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d 723, 724). "The admissibility and scope of expert testimony is a determination within the discretion of the trial court" (Kohler v Barker, 147 AD3d 1037, 1038; see Price v New York City Hous. Auth., 92 NY2d 553, 558). Here, the Supreme Court providently exercised its discretion in determining that the opinion of the defendant's expert was admissible. "[A]ny purported shortcomings in the proposed testimony went to the weight to be given his testimony, not its admissibility and could appropriately be explored on cross-examination" (Ghazala v Shore Haven Apt. Del, LLC, 229 AD3d 447, 449 [internal quotation marks omitted]; see Espinal v Jamaica Hosp. Med. Ctr., 71 AD3d at 724). Further, the plaintiff is incorrect in its contention that the expert was an interested witness (see Coleman v New York City Tr. Auth., 37 NY2d 137, 142; Frank v State-Wide Ins. Co., 151 AD2d 458, 460).
The plaintiff's contention that the defendant's counsel made inflammatory and prejudicial remarks during the plaintiff's summation is unpreserved for appellate review, as the defendant's counsel made only one general objection during the plaintiff's summation and the plaintiff did not request curative instructions at the time the objection was made, move for a mistrial, or request any other relief (see Wilson v Finkelstein, 226 AD3d 950, 953; Sattar v City of New York, 201 AD3d 756, 757). Moreover, since the defendant's counsel objected to the plaintiff's purported [*3]damages figure without making any further comment on it, the subject remark was not so pervasive or prejudicial as to have deprived the plaintiff of a fair trial (see Wilson v Finkelstein, 226 AD3d at 954; Sattar v City of New York, 201 AD3d at 758).
"Jury instructions should adequately convey the sum and substance of the applicable law to be charged" (DiLallo v Katsan LP, 134 AD3d 885, 886 [internal quotation marks omitted]; see Gibbons v State of New York, 206 AD3d 974, 976; Kelly v New York City Health & Hosps. Corp., 194 AD3d 1032, 1034). "A new trial is warranted when an error is 'so significant that the jury was prevented from fairly considering the issues at trial'" (DiLallo v Katsan LP, 134 AD3d at 886, quoting Kilburn v Acands, Inc., 187 AD2d 988, 989). Here, the plaintiff's challenge to the jury charge are unpreserved for appellate review, as the plaintiff did not object to the jury charge at trial (see CPLR 4110-b; Madigan v Putnam County, 230 AD3d 751, 753; Barrett v New York City Tr. Auth., 176 AD3d 909, 911-912).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict in favor of the defendant in the interest of justice and for a new trial.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court