■ THOMAS A. WELSH, Appellant, v ANNA M. LAWLER, Respondent. [724 NYS2d 522] —Spain, J. Appeal from that part of an order of the Supreme Court (Teresi, J.), entered June 16, 2000 in Albany County, which granted defendant a credit for the amount of the mortgage principal paid by her from 1984 to the date of closing.

Plaintiff and defendant were divorced by judgment dated November 21, 1984 in which, *inter alia*, defendant was granted sole custody of the parties' three infant children and plaintiff was directed to pay child support. Additionally, defendant was "granted exclusive use and occupancy of the marital premises * * * for use by her for the continued care of the children of the marriage." Significantly, regarding the sale of the marital residence, the judgment specifically provides that: "upon the sale of the marital residence, the time of which to be determined by the defendant, but no later than defendant's remarriage,

the youngest child attaining the age of twenty-one (21) years or sooner emancipated, the net proceeds received shall be divided equally, and from the plaintiff's share the defendant shall receive [$7,758.33] as her distributive share of the plaintiff's pension, plus [$2,500] as her share of the joint bank account which was depleted by the plaintiff." Notably, neither party appealed from the 1984 judgment of divorce.

In October 1999, six months after the youngest child reached the age of 21 years, the parties entered into a written contract for defendant to purchase the marital residence from plaintiff for $175,000 with the "[p]roceeds of sale to be held in [defendant's counsel's] escrow account and division of proceeds to be subject to application made to Supreme Court." Following the real estate closing, plaintiff moved for an order requiring defendant to pay him his share of the $145,564.67 held in escrow—the net proceeds of the sale of the marital residence. Specifically, plaintiff sought one half of the proceeds of the sale ($72,782.33) less $10,258.33 ($7,758.33 plus $2,500, as per the divorce judgment) to arrive at a net amount due him of $61,986.94.[1] Defendant opposed the motion and cross-moved for an order directing a division of the proceeds generated from the sale of the parties' marital residence to credit her with one half the amount paid by her toward the reduction of the principal due on the parties' purchase money mortgage ($13,746.27), together with the amount expended by her for certain capital improvements made since the date of the divorce judgment ($5,075).

Supreme Court granted defendant's cross motion to the extent of crediting defendant for one half the amount of the mortgage principal paid by her from 1984 to the date of the closing. Specifically, the court made the following calculations:

| | |
|---|---|
| Net Proceeds of Sale: | $145,564.67[2] |
| One half Net Proceeds of Sale: | 72,782.33 |
| Deduction per Divorce Judgment: | 10,258.33 |
| One half Mortgage Principal Paid by Defendant: | 13,746.27 |
| Amount to Plaintiff: | 48,240.67 |

---

1. Plaintiff conceded that since he paid neither the school nor county taxes on the marital residence after the date of the sale, he should not be credited with one half of those amounts ($537.06)—sums credited to him at the closing as a seller—thereby reaching the reduced sum due him of $61,986.94.

2. Supreme Court inadvertently stated that the net proceeds of the sale were $155,564.67.

On plaintiff's appeal, we agree with his contention that Supreme Court erred when—in the context of this postjudgment action for the enforcement of a divorce judgment—it essentially modified the equitable distribution provisions of the 1984 judgment. While a court of equity usually has the authority to modify its own judgment where there has been a change in circumstances (*see, People v Scanlon*, 11 NY2d 459, 462), there is no language in Domestic Relations Law § 236 which authorizes a court to modify its own prior award of equitable distribution. It has been recognized that "[t]he implication of Domestic Relations Law § 236 (B) (9) (b), which deals with modification of an order or decree as to maintenance or child support, is * * * that a distributive award pursuant to section 236 (B) (5) (e), once made, is not subject to change" (*O'Brien v O'Brien*, 66 NY2d 576, 591 [Meyer, J., concurring]; *see, Farsace v Farsace*, 97 AD2d 951, 952; *see also*, Domestic Relations Law § 236 [B] [9] [b]; Scheinkman, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:45, at 475). Indeed, permitting the modification of the equitable distribution provisions of a judgment of divorce "would effectively undermine the finality of judgments in matrimonial [orders]" (*Siegel v Siegel*, 132 AD2d 247, 254, *appeal dismissed* 71 NY2d 1021, *lv denied* 74 NY2d 602).

While the trial court had the authority in 1984 to provide such a credit for the benefit of defendant in its 1984 judgment of divorce (*see, Walters v Walters*, 252 AD2d 775, 776; *Gundlach v Gundlach*, 223 AD2d 942, 943, *lv denied* 88 NY2d 802), principles of equity do not permit the credit in this postjudgment action some 16 years later. Defendant's suggestion that the 1984 judgment is "silent" on this issue is without merit. The original judgment clearly sets forth the credits given to defendant upon the sale of the premises, thus supporting the conclusion that the omission of any additional credits to defendant was express or intended.

Furthermore, the 1984 judgment directed plaintiff to pay child support for his three children, and shelter for children has always been viewed as an inherent component of child support (*see, Chasin v Chasin*, 182 AD2d 862, 863; *Lenigan v Lenigan*, 159 AD2d 108, 112). That is to say, a component of the original judgment was plaintiff's payment toward the mortgage principal as part of his child support obligations. Accordingly, Supreme Court was not authorized on this postjudgment motion to compel plaintiff, the noncustodial parent, to pay part of the mortgage in addition to child support where the 1984 judgment made no provision for such a reimbursement from the proceeds of the sale.

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as credited defendant with one half of the mortgage principal paid by her since 1984 in the sum of $13,746.27; said sum shall be paid to plaintiff out of the proceeds of the sale of the marital residence; and, as so modified, affirmed.