■ ROBERT REITER, Respondent, v MARILYN REITER, Appellant. [886 NYS2d 434]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Nassau County (Ross, J.), entered May 15, 2008, as, upon a decision of the same court (Stack, J.) dated December 11, 2007, made after a nonjury trial, directed her to pay the plaintiff the sum of $141,912, in effect, representing a portion of his equitable share of the marital property, and failed to award her certain credits.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof directing the defendant to pay the plaintiff the sum of $141,912, and substituting therefor a provision directing the defendant to pay the plaintiff the sum of $119,936.50; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly determined that the defendant was not entitled to a credit for a loan she took out to pay for the college expenses of the parties' emancipated son. No agreement existed between the parties, and the plaintiff had no legal obligation to provide for or contribute to the support of the son (*see Abrams v Abrams,* 57 AD3d 809, 811 [2008]).

The Supreme Court providently exercised its discretion in determining that the defendant was not entitled to a credit for taxes and penalties she paid upon the early withdrawal of marital funds from her retirement accounts. The defendant failed to present sufficient evidence that the taxes and penalties resulting from her early withdrawal should be treated as marital debt (*see Wexler v Wexler,* 34 AD3d 458, 460 [2006]).

However, under the circumstances of this case, the Supreme Court improvidently exercised its discretion in failing to award the defendant a credit for the legal fees she expended in reaching a settlement to sell her ownership interest in certain companies, as the proceeds of the sale were marital property which the court divided equally between the parties. Since the defendant paid a total sum of $26,945 in legal fees in connection with the settlement, which occurred after the parties ceased living together and before the commencement of this action, she is entitled to a credit for half of that amount, or $13,472.50 (*see Mahoney-Buntzman v Buntzman,* 12 NY3d 415 [2009]). Taking

into account this credit, the wife's equitable share of the proceeds of the sale is $71,527.50.

The Supreme Court improperly calculated the amount of money the defendant was required to pay the plaintiff to ensure that he receives his equitable share of the marital property, which totaled $318,493. Taking into account the defendant's concession that she received $22,304 from the plaintiff out of the parties' tax refunds, and the $13,472.50 credit she is entitled to, she possesses marital property in the sum of $279,183 (which includes the defendant's $71,527.50 equitable share of the sale of her ownership interest in certain companies, $22,304 the defendant received from the plaintiff out of the parties' tax refunds, and $113,824 the defendant received from retirement accounts). Since her equitable share of the marital funds at issue here totals $159,246.50, she must pay the plaintiff the sum of $119,936.50. Spolzino, J.P., Angiolillo, Chambers and Lott, JJ., concur.