Linda D. Dalton, Appellant, v Jose G. Posada, Respondent. [916 NYS2d 348]—

Mercure, J. Appeal from an order of the Supreme Court (Williams, J.), entered November 6, 2009 in Saratoga County, which, among other things, granted plaintiff's motion to enforce the judgment of divorce.

The parties were divorced in 2004. Pursuant to a settlement agreement that was incorporated but not merged into the judgment of divorce, defendant was required to pay plaintiff a $30,000 distributive award and assume responsibility for a $19,000 outstanding tuition debt owed to Albany Academy. Plaintiff agreed to assume responsibility for the $19,375 balance remaining on a purchase loan for one of the parties' vehicles.

In 2008, plaintiff moved by order to show cause to hold defendant in contempt, to enforce the judgment of divorce and for an award of counsel fees. Defendant moved to dismiss, to hold plaintiff in contempt for failing to pay the vehicle loan, to enforce the judgment of divorce in that regard, and for an award of counsel fees. At a hearing, the parties stipulated that defendant would receive a $5,000 credit for a prior payment toward the distributive award, and that plaintiff's failure to pay the vehicle loan had resulted in an income execution against defendant in the amount of approximately $5,000. Defendant further admitted that he had not made any payments towards the Albany Academy tuition debt.

Supreme Court ultimately found that plaintiff was not in contempt and awarded her approximately $5,000 in counsel fees. The court held defendant in contempt for failing to pay the distributive award and tuition debt, and directed him to pay those obligations, as well as the remainder of the vehicle loan. The court also provided defendant with a credit against the distributive award for prior payments made toward that award and the amount then remaining due under the vehicle loan. In addition, the court awarded defendant a credit for the payments due on the tuition debt to Albany Academy, which amounted to over $30,000 at the time of the hearing.

Plaintiff now appeals, arguing that Supreme Court abused its discretion in awarding defendant a credit for the payments due on the tuition debt. We agree. Defendant was required to pay

the tuition debt pursuant to the equitable distribution provisions of the parties' settlement agreement that were incorporated into the judgment of divorce and, indeed, the court held him in contempt for failing to pay that debt. The tuition debt was not plaintiff's legal obligation and, thus, the grant of a credit for payment of the tuition debt against plaintiff's distributive award was improper (*see Heiny v Heiny*, 74 AD3d 1284, 1288 [2010]; *West v West*, 151 AD2d 475, 476 [1989]; *see generally Welsh v Lawler*, 282 AD2d 977, 979 [2001]).

Spain, Malone Jr. and Stein, JJ., concur; Cardona, P.J., not taking part. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant a credit for all payments due, owing or paid to date to the Albany Academy, and, as so modified, affirmed.