■ MARK A. WASSERMAN, Appellant, v JOANN WASSERMAN, Respondent. [959 NYS2d 451]—

In an action for a divorce and ancillary relief in which the parties were divorced by judgment of divorce dated May 22, 2008, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Tolbert, J.), entered June 16, 2011, as, upon reargument, denied that branch of his prior cross motion which was to modify the equitable distribution provisions of the judgment of divorce.

Ordered that the order entered June 16, 2011, is affirmed insofar as appealed from, with costs.

Upon reargument, the Supreme Court properly denied that branch of the plaintiff's cross motion which was to modify the equitable distribution provisions of the parties' judgment of divorce based on a postjudgment change in circumstances. While the law permits modification of child support and maintenance awards (*see* Domestic Relations Law § 236 [B] [9] [b]), there is no comparable provision allowing modification of equitable distribution awards. Thus, "a distributive award pursuant to [Domestic Relations Law §] 236 (B) (5) (e), once made, is not subject to change" (*O'Brien v O'Brien*, 66 NY2d 576, 591 [1985] [Meyer, J., concurring]; *see McAuliffe v McAuliffe*, 70 AD3d 1129, 1135 [2010]; *Welsh v Lawler*, 282 AD2d 977, 979 [2001]; *Greenwald v Greenwald*, 164 AD2d 706, 721-722 [1991]; *Siegel v Siegel*, 132 AD2d 247, 254 [1987]). "Indeed, permitting the modification of the equitable distribution provisions of a judgment of divorce 'would effectively undermine the finality of judgments in matrimonial [orders]' " (*Welsh v Lawler*, 282 AD2d at 979, quoting *Siegel v Siegel*, 132 AD2d at 254). Dillon, J.P., Angiolillo, Leventhal and Miller, JJ., concur.