OPINION OF THE COURT
Memorandum.
Ordered that the judgment, insofar as appealed from, is reversed, without costs, and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $2,617.45.
In December 2010, plaintiff and defendant entered into a retainer agreement pursuant to which plaintiff was to represent defendant in a matrimonial matter. During the course of that representation, plaintiff also represented defendant in the sale of the marital residence, without a retainer agreement, but for which plaintiff charged defendant, and was paid, a fixed sum of $1,375. Just prior to the closing of title on the sale of the marital residence, certain boundary line issues were raised by the title company, which issues, unless resolved, would have prevented the closing from proceeding. Consequently, on December 1, 2011, the date of the closing, a written escrow agreement was entered into by the parties herein, among others in attendance at the closing, which provided for plaintiffs retention of $10,000 in an escrow account pending the resolution of the boundary line issues. From the time of the closing until March 2012, when defendant retained new counsel in the matrimonial matter, plaintiff resolved some of the boundary line issues. Subsequently, the parties had a fee dispute with respect to the amount due in the matrimonial matter and the boundary line matter, and arbitrated their fee dispute pursuant to the rules of the Suffolk County Bar Association’s Fee Dispute Resolution Program. Following arbitration, plaintiff commenced this small claims action for de novo review of the merits of the dispute (see 22 NYCRR 137.8).
Plaintiff seeks to recover a total of $2,617.45, representing the amount allegedly remaining due for plaintiff’s legal services rendered to defendant in the matrimonial matter *75 ($1,814.20) and the amount due for plaintiffs work involving the post-closing boundary line matter ($803.25). Defendant interposed a counterclaim. After a nonjury trial, the District Court, in a decision dated May 15, 2013, disallowed the sum of $3,030.66, which, the court believed, plaintiff was not entitled to recover, resulting in the dismissal of plaintiffs claim. A judgment was subsequently entered on June 12, 2013 dismissing both plaintiffs claim and defendant’s counterclaim. Plaintiff appeals from so much of the judgment as dismissed its claim.
Upon a review of the record, we find that the judgment, insofar as appealed from, failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125, 126 [2000]).
Pursuant to Judiciary Law § 474, “[t]he compensation of an attorney or counselor for his services is governed by agreement, express or implied, which is not restrained by law . . . .” It is not disputed that the parties entered into a retainer agreement in the matrimonial matter which complied with the requirements of 22 NYCRR 1400.3. With respect to the $1,814.20 claimed to be due plaintiff for the legal services rendered to defendant in the matrimonial matter until plaintiff’s discharge, plaintiff’s witness, Nicholas A. Gabriele, Esq., submitted into evidence itemized billing statements, regularly sent to defendant, which indicated the legal services he had rendered as well as the services that had been rendered by his legal assistant, and the amount of time that had been spent thereon. While it appears that, during the course of plaintiff’s representation, defendant did not object in any way to the work that had been done or to the billing statements that followed, she testified that Gabriele had not moved quickly enough during his representation of her in the matrimonial matter and that he was more concerned with the sale of the marital residence than with proceeding with her divorce. Defendant now objects to the fact that plaintiff had paid itself from the matrimonial retainer for its services involving the sale of the marital residence, which services included the revision of the realtor’s listing agreement, and communications with the realtor and plaintiff’s ex-husband’s attorney regarding that agreement.
Defendant did not object to the provisions in the retainer agreement which clearly set forth plaintiff’s policy in charging “finance charges” for late payment and “administrative *76 charges” for plaintiff’s disbursements. Nevertheless, the District Court, sua sponte, disallowed $270.56 in “finance charges” and $141.85 in “administrative charges.” This was improper, as Gabriele had testified at trial that he had already waived the “finance charges” and his billing statements demonstrate that to be the case. Moreover, the provision in the retainer agreement regarding “administrative charges” was set forth “in plain language” (22 NYCRR 1400.3) and was not susceptible to misunderstanding or confusion. In the absence of a showing that these charges were not fair or reasonable, or that the retainer agreement was fraudulently or otherwise wrongfully procured, these charges, which defendant had already paid, should not have been disallowed (see Matter of Sasson, 231 App Div 524 [1931]; see also Matter of Schanzer, 7 AD2d 275 [1959]).
It was also inappropriate for the District Court to deny plaintiff recovery of the sum of $1,140, representing the amount the court found that plaintiff had charged defendant for working on the real estate issues (i.e., the revision of the listing agreement and contact with plaintiff’s realtor and ex-husband’s attorney) prior to the closing on the sale of the marital residence. Since any brokerage commissions were ultimately to be paid by the sellers, it was entirely proper for plaintiff to be involved in securing an appropriate listing agreement for the property, particularly here, where the parties agree that the initial documents prepared by the realtor had not been correctly drafted. We cannot conclude, as the District Court apparently did, that the fact that plaintiffs separate bill for legal services rendered in representing defendant in selling the marital residence indicated that there was “no charge” for such services, meant that plaintiff was waiving its fee for such services. Rather, we interpret the “no charge” language as an indication that plaintiff was not going to charge defendant for those services in the context of the residential sale since, as the statements for professional services rendered in the matrimonial matter indicate, plaintiff had already billed defendant for those services, and payment had been made from the matrimonial retainer.
A written letter of engagement or retainer agreement is not required where the fee to be charged is expected to be less than $3,000 (see 22 NYCRR 1215.2 [a]), as it was in the real estate matter. Plaintiff, in March 2011, apparently drafted a retainer agreement with respect to its representation of de *77 fendant in the real estate matter, which was not executed by defendant. While defendant, in her counterclaim, asserted that she did not “hire [plaintiff] or have a signed real estate contract with plaintiff,” implying that she therefore did not owe plaintiff for the services rendered in the real estate matter, she clearly ratified plaintiff’s representation of her in the sale of the marital residence. She permitted plaintiff to continue as her attorney in that matter, and, on the date of the closing, she paid plaintiff $1,375 for the legal services rendered in that matter. Moreover, she personally signed the escrow agreement regarding the resolution of the boundary line issues, indicating her awareness that, at the time of the closing, there were ongoing boundary line issues that had not been resolved and that additional legal services would necessarily be rendered by plaintiff in resolving those issues. Indeed, defendant even procured for plaintiff some of the information which was necessary for the resolution of those issues. Plaintiff, which does not seek to recover for the services rendered up to the time of closing, submitted to the court a billing statement for the services rendered in resolving three of the four boundary line issues, as well as documentation evidencing the work that had been done prior to plaintiff’s discharge. Defendant did not deny that plaintiff had done the work in resolving those issues, although she questioned whether the charges for such services were excessive. A review of plaintiff’s statement for the legal work done on the post-closing boundary line issues, as well as the accompanying documentation, demonstrates that the amount sought by plaintiff is not excessive or unreasonable. Consequently, the District Court improperly disallowed $803.25 for the services rendered in the post-closing boundary line matter.
Finally, although the retainer agreement for representing defendant in the sale of the marital residence was not executed by defendant, it was executed by Gabriele and contained a paragraph in which he acknowledged having received defendant’s personal check in the sum of $675, representing one half of plaintiff’s fee (which was $1,350 plus $25 in disbursements). Both parties testified that plaintiff was paid the total sum of $1,375 at the closing, the full amount of plaintiff’s fee therefor, and documents in the record confirm that to be the case. Since the alleged $675 payment was, in any event, made towards plaintiff’s fee in representing defendant in the sale of the marital residence, which fee was not part of the amount sought by plaintiff in this case for its representation of defendant in *78 the matrimonial matter and the post-closing boundary line matter, it was improper for the District Court to have reduced plaintiff’s claim by that amount.
Accordingly, as none of the deductions made by the District Court were warranted, the judgment, insofar as appealed from, is reversed and the matter is remitted to the District Court for the entry of a judgment in favor of plaintiff in the principal sum of $2,617.45.
We note that we do not consider the factual assertions made or exhibits submitted by defendant in her brief to this court which are dehors the record (see Chimarios v Duhl, 152 AD2d 508 [1989]).
Maraño, P.J., Garguilo and Connolly, JJ., concur.