■ Jose R. Santiago, Respondent, v Candy A. Santiago, Appellant. [60 NYS3d 263]—

Appeal by the defendant from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated November 20, 2015. The order, insofar as appealed from, denied those branches of the defendant's motion which were (1) to hold the plaintiff in civil contempt for failing to comply with certain provisions of the parties' separation agreement, (2) to direct payment of a portion of the plaintiff's 401(k) pension to her, with interest, and (3) for an award of counsel fees, and awarded her only a 50% share of the plaintiff's general pension.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendant's motion which was to direct payment of a portion of the plaintiff's 401(k) pension to her, with interest, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof awarding the defendant a 50% share of the plaintiff's general pension; as so modified, the order is affirmed insofar as appealed from, with costs to the appellant, and the matter is remitted to the Supreme Court, Dutchess County, for further proceedings in accordance herewith.

The parties were divorced pursuant to a judgment of divorce entered September 20, 2000, which incorporated, but did not merge, the parties' separation agreement dated July 8, 1999.

The separation agreement provided, inter alia, that the plaintiff was to pay to the defendant "a share of all payments" received by him under "the pension plan" pursuant to a specific formula that the parties set forth therein.

In 2015, the defendant moved, inter alia, to enforce the provisions of the separation agreement relating to distribution of pension funds, to hold the plaintiff in civil contempt, and for an award of counsel fees. In support of the motion, the defendant submitted evidence that the plaintiff had received distributions from two pension plans through his previous employer, a general pension trust and a 401(k) pension plan, and that the plaintiff had not paid the defendant any share of those proceeds. In opposition, the plaintiff contended, inter alia, that the defendant was not entitled to any portion of his 401(k) pension plan, since the contributions to that plan were made after the parties' judgment of divorce. By order dated June 2, 2015, the Supreme Court determined that the defendant was entitled to a distributive award under the terms of the separation agreement and set the matter down for a hearing to determine the amount of the award. In the order appealed from, the court, without holding a hearing, determined that the defendant was entitled to 50% of the plaintiff's general pension, with interest, but that she was not entitled to any share of the funds that had been distributed to the plaintiff under his 401(k) plan. The court also denied those branches of the defendant's motion which were to hold the plaintiff in civil contempt and for an award of counsel fees. The defendant appeals, contending that the clear language of the parties' separation agreement entitles her to a share of the 401(k) pension, irrespective of when contributions were made to that pension, and that the court's calculation of her share of the plaintiff's general pension was in error.

Pension benefits belonging to either spouse attributable to employment during the marriage constitute marital property subject to equitable distribution upon divorce; however, unless otherwise provided, the marital property includes only that portion of the pension benefits which has accrued during the marriage and prior to commencement of the divorce action (see Dolan v Dolan, 78 NY2d 463, 466 [1991]; Kraus v Kraus, 131 AD3d 94, 99 [2015]; Nugent-Schubert v Schubert, 88 AD3d 967, 968 [2011]; Damiano v Damiano, 94 AD2d 132 [1983]). The defendant contends that the parties voluntarily agreed in the separation agreement that she was entitled to a share of the plaintiff's 401(k) pension, without regard to when the contributions to such fund were made. While any portion of the 401(k)

pension benefits earned or acquired before the parties' marriage or after commencement of the divorce action is a distinct and separate interest, parties are free to make a specific provision for such an entitlement in their separation agreement (*see Kraus v Kraus*, 131 AD3d at 99; *Pagliaro v Pagliaro*, 31 AD3d 728, 730 [2006]). Here, the parties' separation agreement provided that the parties desired to settle their financial, property, and other rights and obligations arising out of the marriage "and otherwise." The separation agreement also provided that the plaintiff was to pay to the defendant "a share of all payments" received by him. Thus, pursuant to the unambiguous terms of the separation agreement, the defendant is entitled to share in a portion of the 401(k) pension distributions without regard to when the contributions to the 401(k) pension were earned or acquired.

Moreover, the Supreme Court erred in awarding the defendant a 50% share in the plaintiff's general pension, instead of applying the formula identified by the parties in the separation agreement and considering what, if any, portion of the plaintiff's general pension was subject to distribution. Accordingly, we remit the matter for a recalculation of the sums due to the defendant.

The Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were to hold the plaintiff in contempt and for an award of counsel fees (*see Penavic v Penavic*, 109 AD3d 648, 649 [2013]; *Vujovic v Vujovic*, 16 AD3d 490, 491 [2005]).

The defendant's remaining contentions are without merit.

Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a calculation of the defendant's share of the 401(k) pension, and a recalculation of her share of the general pension, utilizing the specific formula identified by the parties in their separation agreement, with interest. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.