Spathis v Spathis (2019 NY Slip Op 05327)





Spathis v Spathis


2019 NY Slip Op 05327


Decided on July 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2019

Richter, J.P., Tom, Gesmer, Kern, Moulton, JJ.


302534/08 9786A 9786

[*1] Constantine Spathis, Plaintiff-Respondent,
v
Alina D. Spathis, Defendant-Appellant.


Alina Dulimof, appellant pro se.



Order, Supreme Court, New York County (Lori S. Sattler, J.), entered October 27, 2017, which, to the extent appealed from as limited by the briefs, ordered that interest on the husband's maintenance arrears of $31,750 would run from January 8, 2014, and denied the wife's request for counsel fees, unanimously affirmed, without costs. Order, same court and Justice, entered on or about July 24, 2018, which, to the extent appealed from as limited by the briefs, denied the wife's motion to hold the husband in contempt for failure to transfer half of his shares of Partsearch Technologies, Inc., unanimously affirmed, without costs.
The motion court's October 27, 2017 decision reaffirmed a determination first made by this Court in March of 2016, that the interest on maintenance arrears was due and owing from January 8, 2014, the date on which the divorce judgment was entered, which is the law of the case (Spathis v Spathis, 137 AD3d 654 [1st Dept 2016]).
The motion court correctly denied the wife's motion for contempt, sanctions and related relief in its order entered on July 24, 2018. The wife sought relief in connection with the husband's alleged failure to transfer shares of stock to her in compliance with the judgment of divorce as modified by this Court's order dated February 28, 2013 (Spathis v Dulimof-Spathis, 103 AD3d 599 [2013], lv dismissed and denied 22 NY3d 913 [2013], cert denied 574 US &mdash, 135 S Ct 140 [2014]), and with the order of the motion court entered on October 27, 2017. This Court's 2013 order did not specify a date by which the husband was to transfer the stock shares to the wife. Accordingly, there was no clear and unequivocal mandate directing the husband to transfer the shares by a particular date, so that a finding of contempt could not lie (Judiciary Law § 753[3]; McCormick v Axelrod, 59 NY2d 574, 583 [1983]).[FN1]
That issue was remedied when the motion court entered its order on October 27, 2017 in which it directed the husband to transfer the shares to the wife within 30 days. However, in the wife's motion for contempt of that order, she attached to her moving papers a copy of a letter from the husband's attorney dated November 20, 2017 and the enclosed assignment to her of 125,000 shares of the stock in question, executed by the husband. Since the husband had complied with the October 27, 2017 order, the motion court correctly denied the wife's request to hold the husband in contempt and for related relief. Moreover, while the wife claims that the stock shares are now worthless, she fails to demonstrate a loss in value, much less that such loss occurred during a time when the husband was required to transfer the stock to her but failed to do [*2]so. Indeed, this Court previously determined that there was insufficient evidence at trial to establish any value for the stock shares (103 AD3d at 601). Accordingly, the wife also failed to demonstrate that the husband's violation or neglect of a duty imposed on him by any order prejudiced her rights.
The motion court also correctly declined to grant the wife's request for a distribution of funds in lieu of the shares of stock. To the extent that she sought this relief as a fine for contempt (Judiciary Law § 773), as discussed above, the wife failed to show that the husband was in contempt. This Court already held that the value of the shares could not be determined. Moreover, even if we were to consider the wife's arguments about the purchase of the stock by another corporation, she contends this occurred before the 2013 appeal and it also is outside the record. Finally, generally, a final award of equitable distribution is not subject to modification (see O'Brien v O'Brien, 66 NY2d 576, 591 [1985] [Meyer, J., concurring]; Wasserman v Wasserman, 103 AD3d 793 [2d Dept 2013]). "Indeed, permitting the modification of the equitable distribution provisions of a judgment of divorce would effectively undermine the finality of judgments in matrimonial orders" (Welsh v Lawler, 282 AD2d 977, 979 [3d Dept 2001] [internal quotation marks and citation omitted]).
We have considered the wife's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2019
CLERK



Footnotes

Footnote 1:While we do not look favorably on the husband's apparent failure to transfer the stock shares following this court's 2013 order and entry of a modified judgment of divorce on January 8, 2014, we note that there is nothing in the record before us that suggests that the wife did anything to enforce the modified judgment until she made her motion in 2017 resulting in Supreme Court's order entered on October 27, 2017.