Purcell v Ngambo (2020 NY Slip Op 01375)





Purcell v Ngambo


2020 NY Slip Op 01375


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-01796
 (Index No. 1710/15)

[*1]Lisa Purcell, respondent,
v
Jules Ngambo, appellant.


Thorsen Law Offices, New City, NY (Eric Ole Thorsen and Ilene Kim Graff of counsel), for appellant.
Ellen O'Hara Woods, New City, NY, for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered October 31, 2017. The order, insofar as appealed from, (1) denied those branches of the defendant's motion which were (a) to hold the plaintiff in civil contempt for her alleged failure to comply with a prior order of the same court dated January 3, 2017, as amended February 3, 2017, (b) to direct the plaintiff to compensate the defendant for his equitable interest in the value of the proceeds from a sale of marital assets on August 1, 2016, (c) for an award of attorneys' fees, and (d) to impose sanctions against the plaintiff, and (2) granted that branch of the defendant's motion which was to direct the plaintiff to pay him the sum of $13,125 only to the extent of awarding him a judgment against the plaintiff in the amount of $7,000.
ORDERED that the order entered October 31, 2017, is modified, on the law and the facts, by (1) deleting the provision thereof denying that branch of the defendant's motion which was to direct the plaintiff to compensate the defendant for his equitable interest in the value of the proceeds from the sale of marital assets on August 1, 2016, and substituting therefor a provision granting that branch of the motion to the extent of directing the plaintiff to pay the defendant the sum of $40,800.58, and (2) deleting the provision thereof granting that branch of the defendant's motion which was to direct the plaintiff to pay the defendant the sum of $13,125 only to the extent of awarding him a judgment in the amount of $7,000, and substituting therefor a provision granting that branch of the defendant's motion and awarding him a judgment in the principal sum of $13,125; as so modified, the order entered October 31, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in August 2008, and have two minor children. In October 2015, the plaintiff commenced an action for a divorce and ancillary relief.
In an order dated January 3, 2017, with respect to the equitable distribution of the parties' assets, as relevant here, the Supreme Court determined that the defendant was entitled to $13,125, representing a 50% prorated share of the plaintiff's 2015 annual bonus earned as part of [*2]her 12-month compensation (hereinafter the bonus), and one-half of the value of all vested and unvested stock options earned by the plaintiff during the marriage, with each lot of said stock options to be equally divided. The court directed that since the stock options were nontransferrable, they be sold for distribution. On February 3, 2017, the court amended the January 3, 2017, order (hereinafter together the equitable distribution order) by providing that the defendant was responsible for the taxes incurred as a result of the sale and distribution of the stock options to him.
In August 2016, following a trial on financial issues ancillary to the dissolution of the parties' marriage, but prior to the issuance of the equitable distribution order, the plaintiff sold 300 shares of stock which she had received in 2010, at $436.6986 per share, resulting in total gross proceeds of $131,009.58 and total net proceeds of $81,601.16.
It is undisputed that the plaintiff failed to distribute the defendant's share of the proceeds from the August 2016 sale of the stock options and did not pay the defendant the sum of $13,125, representing his equitable share of the bonus.
In July 2017, the defendant moved to hold the plaintiff in civil contempt, alleging, among other things, that her failure to pay him his equitable share of the bonus violated the equitable distribution order. The defendant requested that the Supreme Court direct the plaintiff to compensate him for half of the stock options sold in August 2016, to pay him the sum of $13,125, representing his equitably distributed share of the bonus, plus interest, to award him attorneys' fees, and to impose sanctions against the plaintiff.
In an order entered October 31, 2017, the Supreme Court granted that branch of the defendant's motion which was to direct the plaintiff to pay him the sum of $13,125 only to the extent of awarding him a judgment against the plaintiff in the amount of $7,000. In all other respects, the court denied the defendant's motion. The defendant appeals.
The equitable distribution order directed that the "[d]efendant shall be entitled to a distribution of $13,125 constituting his 50%" prorated share of the plaintiff's bonus. Contrary to the plaintiff's contention, the Supreme Court lacked the authority to modify the equitable distribution award (see Smulczeski v Smulczeski, 128 AD3d 671, 672; Wasserman v Wasserman, 103 AD3d 793). Based on the specific amount awarded, the court should have directed the plaintiff to pay the defendant the sum of $13,125, as and for his share of the plaintiff's bonus, rather than $7,000.
Moreover, the Supreme Court should have directed the plaintiff to pay the defendant the sum of $40,800.58, for his equitable interest in the proceeds from the August 2016 sale of stock options. It is undisputed that the stock options sold by the plaintiff in August 2016 constituted marital assets. Pursuant to the equitable distribution order, the defendant was entitled to a 50% share of the stock options earned during the marriage, and was responsible "for the taxes incurred as a result of the sale and distribution to [him]." The net proceeds from the sale of the stock options in August 2016 were $81,601.16. Therefore, the defendant was entitled to the sum of $40,800.58, as his 50% share.
The Supreme Court providently exercised its discretion in denying those branches of the defendant's motion which were to hold the plaintiff in civil contempt and for an award of attorneys' fees (see Santiago v Santiago, 153 AD3d 752, 754; Vujovic v Vujovic, 16 AD3d 490, 491).
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court