Battinelli v Battinelli (2021 NY Slip Op 01741)





Battinelli v Battinelli


2021 NY Slip Op 01741


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-10666
 (Index No. 21589/15)

[*1]Kadijan Battinelli, appellant-respondent,
v
David Battinelli, respondent-appellant.


Steven Gildin, Garden City, NY, for appellant-respondent.
Winter & Grossman, PLLC, Garden City, NY (Robert Grossman of counsel), for respondent-appellant.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered March 28, 2017, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Suffolk County (Deborah Poulos, J.), dated July 30, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for an award of child support arrears, for an upward modification of the defendant's child support obligation, and to modify the defendant's parental access schedule. The order, insofar as cross-appealed from, denied the defendant's cross motion to find the plaintiff in civil contempt for failure to comply with certain provisions of the parties' stipulation of settlement relating to the defendant's parental access, which had been incorporated into the judgment of divorce, to direct the plaintiff to comply with those provisions of the parties' stipulation of settlement, to impose a sanction on the plaintiff, and for an award of attorney's fees.
ORDERED that the order is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements.
The parties were married on June 12, 2004, and have one child together. The parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce entered March 28, 2017. The stipulation stated that the defendant's income in 2015 had been $894,338, but would be deemed to be $500,000, and the plaintiff's income had been $72,000. However, the stipulation provided that the plaintiff agreed that the defendant was to pay only $3,000 per month in child support until the termination of the plaintiff's maintenance, when the amount of child support would increase to $4,000 per month until the child's emancipation. The agreement also stated that: "[t]he amount of Child support the [defendant] has agreed to pay set forth herein exceeds . . . the basic child support obligation for combined parental income up to $143,000.00 and deviates downward from the amount based upon the total combined parental income in excess of $143,000 based upon the parties' respective incomes, the standard of living enjoyed by the Child, the [defendant]'s expenses, the substantial debts he has assumed hereunder, and the uncertainty as to what cap the Court may apply to the combined parental income in computing child support."
In May 2019, the plaintiff moved, inter alia, for an award of child support arrears, an [*2]upward modification in the defendant's child support obligation, and a modification in the defendant's parental access schedule to reduce the defendant's time with the child based upon the actual time the child spent with the defendant. The defendant cross-moved to find the plaintiff in civil contempt for failure to comply with certain provisions of the stipulation relating to his parental access, to direct the plaintiff to comply with the parental access schedule, to impose a sanction upon her, and for an award of attorney's fees. The Supreme Court denied the motion and the cross motion. The plaintiff appeals, and the defendant cross-appeals.
"A stipulation of settlement in a matrimonial action is a contract subject to principles of contract interpretation" (Ramon v Ramon, 49 AD3d 843, 943). "Where the stipulation is clear and unambiguous on its face, the intent of the parties must be gleaned from the four corners of the instrument, and not from extrinsic evidence" (Oakes v Oakes, 38 AD3d 865, 865). "Where the parties have included child support provisions in the agreement, it is 'presumed that in the negotiation of the terms of the agreement the parties arrived at what they felt was a fair and equitable division of the financial burden to be assumed in the rearing of the child'" (Matter of Trester v Trester, 92 AD3d 949, 950, quoting Matter of Boden v Boden, 42 NY2d 210, 213). Here, contrary to the plaintiff's contention that it could reasonably be concluded that the defendant was obligated to pay monthly child support in the amount of $7,083.33 rather than the agreed-upon amount, there was no ambiguity in the stipulation of settlement as to the defendant's child support obligation, which the parties agreed was to be $3,000 per month while the plaintiff was receiving maintenance, and $4,000 per month thereafter until the emancipation of the child. The plaintiff did not allege, and she failed to submit any evidence demonstrating, that the defendant was not current with respect to this agreed-upon amount.
Further, the plaintiff failed to demonstrate a substantial change in circumstances warranting the modification of child support or the parental access schedule (see Casler v Casler, 131 AD3d 664, 665; Whitehead v Whitehead, 122 AD3d 921, 921-922; Matter of Mazzola v Lee, 76 AD3d 531, 532). In addition, her conclusory, nonspecific, and unsubstantiated arguments did not rise to the level of warranting a hearing on either claim (see Isichenko v Isichenko, 161 AD3d 833, 834-835; Matter of Feliciano v King, 160 AD3d 854, 855).
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964). "[I]n order to adjudicate a party in civil contempt, a court must find that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the party against whom contempt is sought disobeyed the order, (3) the party who disobeyed the order had knowledge of its terms, and (4) the movant was prejudiced by the offending conduct" (Matter of Lallas v Bolin, 162 AD3d 1029, 1030; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29). Elements of contempt must be proven by clear and convincing evidence (see Matter of Lallas v Bolin, 162 AD3d at 1030). Here, the defendant's contentions that the plaintiff disobeyed the stipulation of settlement were generalized and unsubstantiated. Consequently, he failed to meet his burden of proving them by clear and convincing evidence. Accordingly, the Supreme Court properly denied those branches of the cross motion which were to find the plaintiff in civil contempt and to direct her to comply with the parental access schedule.
Moreover, the Supreme Court did not improvidently exercise its discretion in denying that branch of the defendant's cross motion which was to impose sanctions on the plaintiff. "The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court's sound discretion" (Matter of Khan-Soleil v Rashad, 111 AD3d 727, 728). Here, the court properly determined that the defendant failed to prove that the plaintiff's motion was completely without merit (see 22 NYCRR 130-1.1).
The Supreme Court also providently exercised its discretion in denying that branch of the defendant's cross motion which was for an award of attorneys' fees (see Purcell v Ngambo, 180 AD3d 1093, 1096; Winter v Winter, 167 AD3d 822, 822-823; Santiago v Santiago, 153 AD3d 752, 754).
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court