Maddaloni v Maddaloni (2021 NY Slip Op 02792)





Maddaloni v Maddaloni


2021 NY Slip Op 02792


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-03845
 (Index No. 8359/11)

[*1]Laura Maddaloni, respondent, 
v
Luigi Maddaloni, appellant.


Campagna Johnson, P.C., Hauppauge, NY (Thomas K. Campagna of counsel), for appellant.
Helig, Branigan, Miller & Castrovinci, Holbrook, NY (Michael J. Miller of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered May 19, 2014, the defendant appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 12, 2018. The order, insofar as appealed from, (1) denied those branches of the defendant's motion which were (a), in effect, for leave to reargue and renew that branch of his prior motion which was to direct the plaintiff to pay 50% of the carrying charges incurred by the defendant in connection with the marital residence, which had been denied in an order of the same court dated May 26, 2015, (b) to direct that the plaintiff's share of certain jewelry be valued as of the date of the entry of the judgment of divorce, (c) to hold the plaintiff in contempt for failing to sell the subject jewelry and distribute the proceeds equally between the parties, (d) to appoint a receiver to sell the subject jewelry, and (e) to credit the defendant for certain payments he made for the plaintiff's health insurance and automobile insurance, and (2) granted the plaintiff's motion for a determination that certain items, including a silver collection, located in a safe in the marital residence, were marital property subject to equitable distribution pursuant to the judgment of divorce, and thereupon directed that the plaintiff retain the subject jewelry and the defendant retain the subject silver collection, in effect, in satisfaction of the parties' claims to equitable distribution of those items.
ORDERED that the appeal from so much of the order dated January 12, 2018, as denied that branch of the defendant's motion which was, in effect, for leave to reargue that branch of his prior motion which was to direct the plaintiff to pay 50% of the carrying charges incurred by the defendant in connection with the marital residence, is dismissed; and it is further,
ORDERED that the order dated January 12, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married in January 1988. On August 22, 1988, the parties entered into a postnuptial agreement, which provided, with limited exceptions, that any property acquired by either party during the marriage would be the separate property of the party who acquired it. The [*2]instant action for a divorce and ancillary relief was commenced in 2011. In an order dated December 11, 2012, the Supreme Court, inter alia, upheld the separate property provisions of the postnuptial agreement.
A judgment of divorce entered May 19, 2014, after a trial, directed that the marital residence be sold and the net proceeds divided equally between the parties; that the parties divide the personal property in the marital residence equally between them, and if an agreement could not be reached, that the parties sell all of the personal property in the marital residence and the proceeds be divided equally between them; and that the plaintiff retain certain pieces of jewelry and sell the remaining pieces of jewelry, with the proceeds divided equally between the parties. By decision and order dated August 24, 2016, this Court, inter alia, affirmed the judgment of divorce insofar as appealed and cross-appealed from (see Maddaloni v Maddaloni, 142 AD3d 646).
During the pendency of that appeal and cross appeal, the defendant moved, inter alia, to direct the plaintiff to pay 50% of the carrying charges on the marital residence and to credit the defendant for any such payments made on the plaintiff's behalf since March 2014. By order dated May 26, 2015, the Supreme Court, among other things, denied those branches of the defendant's motion. By decision and order dated July 18, 2018, this Court, inter alia, affirmed the order dated May 26, 2015, insofar as appealed from (see Maddaloni v Maddaloni, 163 AD3d 792).
The defendant moved, inter alia, in effect, for leave to reargue and renew that branch of his prior motion which was to direct the plaintiff to pay 50% of the carrying charges incurred by the defendant in connection with the marital residence, which had been denied in the order dated May 26, 2015, to direct that the plaintiff's share of the jewelry which the judgment of divorce directed the plaintiff to sell be valued as of the date of the entry of the judgment of divorce, to hold the plaintiff in contempt for failing to sell the subject jewelry and distribute the proceeds equally between the parties, to appoint a receiver to sell the subject jewelry, and to credit the defendant for certain payments he made for the plaintiff's health insurance and automobile insurance. The plaintiff moved for a determination that certain items, including a silver collection, located in a safe in the marital residence, were marital property subject to equitable distribution pursuant to the judgment of divorce. By order dated January 12, 2018, the Supreme Court denied those branches of the defendant's motion, granted the plaintiff's motion, and thereupon directed that the plaintiff retain the jewelry at issue and the defendant retain the silver collection at issue, in effect, in satisfaction of the parties' claims to equitable distribution of those items. The defendant appeals.
That branch of the defendant's motion which was, in effect, for leave to reargue that branch of his prior motion which was to direct the plaintiff to pay 50% of the carrying charges incurred by the defendant in connection with the marital residence must be dismissed, since no appeal lies from the denial of reargument (see Wells Fargo Bank, N.A. v Edwards, 186 AD3d 1457). Further, in support of that branch of the defendant's motion which was, in effect, for leave to renew, the defendant failed to present new facts which were unavailable at the time of the prior motion that would have changed the original determination. Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was, in effect, for leave to renew (see CPLR 2221[e]; Maddaloni v Maddaloni, 163 AD3d at 794; Kamel v Mukhopady, 156 AD3d 688, 688).
With respect to the silver collection and the jewelry, the defendant notes that the postnuptial agreement provided that any property acquired by either party during the marriage would be the separate property of the party who acquired it. However, the Supreme Court determined, in a decision after trial dated February 6, 2014, which was incorporated in the judgment of divorce, that the defendant utilized marital funds to acquire certain property and thus, to the extent the defendant used marital funds to acquire such property, the plaintiff was entitled to an equitable distribution of that property or its value.
The judgment of divorce did not specifically address the silver collection. However, the judgment provides that "the parties shall divide the personal property at the Marital Residence equally between them. If an agreement cannot be reached with regard to the division of personal [*3]property, the parties shall sell all of the personal property in the marital residence and the proceeds shall be divided equally."
In opposition to the plaintiff's motion for a determination that certain items located in a safe in the marital residence were marital property, the defendant contended that the silverware was purchased "as many as 40 years ago" using funds from the defendant's separately owned business and that the silver and gold bars were bought and sold, and used to pay down a home equity loan. However, the defendant should have raised these issues during the trial so those findings could be incorporated in the judgment of divorce. The Supreme Court determined that since there was no finding, in the decision after trial or the judgment of divorce, that such property was separate, the property was deemed marital property subject to equitable distribution pursuant to the judgment of divorce.
At the time of the oral argument on the instant motions, the parties indicated that the value of the silverware collection was $250,000 and the plaintiff demanded one-half of that value, or $125,000. Certain pieces of jewelry were missing, and the remaining pieces of jewelry were appraised at $59,395. The defendant claimed that certain items of gold and silver bullion were no longer available to the parties. The Supreme Court awarded all of the subject jewelry to the plaintiff and awarded the silver collection to the defendant.
The determination as to whether the silverware collection and/or any silver and gold bars, which the plaintiff asserted were contained in a safe in the marital residence, constituted marital property was consistent with the determination in the decision after trial, which was incorporated in the judgment of divorce. The Supreme Court properly concluded that it was the defendant's obligation to raise his claims to that property during the trial, so those claims could be adjudicated in the judgment of divorce.
An equitable distribution award cannot be modified, as an order of support can be modified, based upon a change of circumstances (see Purcell v Ngambo, 180 AD3d 1093, 1095; Wasserman v Wasserman, 103 AD3d 793). Pursuant to the judgment of divorce, the proceeds from the sale of the jewelry and personal property were to be distributed equally. Based upon the information submitted by the parties to the Supreme Court, and the fact that some of the property at issue was no longer in the possession of the parties or available to them, the court effected as equal a distribution as possible, in a manner which, based upon the figures presented, was favorable to the defendant.
Contrary to the defendant's contention, although the judgment of divorce directed that the property at issue be sold, there was no requirement that it be sold to a third party, or sold for cash rather than an in-kind distribution.
The Supreme Court properly declined to hold the plaintiff in contempt for her failure to sell the jewelry at issue since the disposition of the jewelry was the subject of motions for postjudgment relief, and the parties, through the court, were working towards a resolution of that issue.
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his motion which was for a credit for the amounts voluntarily paid by him for the plaintiff's health insurance and auto insurance expenses postjudgment (see O'Donnell v O'Donnell, 153 AD3d 1357, 1359).
The defendant's remaining contentions are without merit.
CHAMBERS, J.P., HINDS-RADIX, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court