Manuella v Manuella (2025 NY Slip Op 05515)

Manuella v Manuella

2025 NY Slip Op 05515

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-01496
 (Index No. 1918/19)

[*1]Joseph R. Manuella, appellant,
v
Deborah Manuella, respondent.

Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for appellant.
Simonetti & Associates, Westbury, NY (Timothy J. Fallon, Robert C. Shea, and Louis F. Simonetti, Jr., of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered July 24, 2020, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Glenn A. Murphy, J.), dated January 31, 2023. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were, in effect, to modify an order of the same court (Stephen J. Lynch, J.) dated February 21, 2020, so as to award him 100% of the net proceeds of the sale of the marital residence, for an award of counsel fees and costs incurred in relation to the sale of the marital residence in the sum of $7,500, and for a receivership commission equal to 5% of the gross sale price of the marital residence in the sum of $8,975.63.
ORDERED that the order dated January 31, 2023, is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for an award of counsel fees and costs incurred in relation to the sale of the marital residence in the sum of $7,500, and substituting therefor a provision granting that branch of the motion; as so modified, the order dated January 31, 2023, is affirmed insofar as appealed from, without costs or disbursements.
The parties were married on March 19, 1979, and then resided together at a home located in Mastic (hereinafter the marital residence). In or about 1992, the parties separated, with the plaintiff moving out of the marital residence and the defendant continuing to reside therein with the parties' three children. Some years later, the defendant also moved out of the marital residence.
In April 2019, the plaintiff commenced this action for a divorce and ancillary relief against the defendant. By order dated February 21, 2020 (hereinafter the February 2020 order), the Supreme Court, following an inquest upon the defendant's default, among other things, granted the plaintiff's application to be appointed as temporary receiver of the marital residence for the purpose of selling it and, after reimbursing himself for expenses incurred in relation to the sale of the marital residence from the gross proceeds of sale, to divide the net proceeds of the sale equally between the parties. In the February 2020 order, the court noted that the plaintiff had testified at the inquest "that there [wa]s no outstanding mortgage on the" marital residence. On July 24, 2020, a judgment of divorce was entered. The plaintiff subsequently closed on a sale of the marital residence to a third party. In June 2022, the plaintiff moved, inter alia, in effect, to modify the February 2020 order so as to award him 100% of the net proceeds of the sale of the marital residence, for an award of [*2]counsel fees and costs incurred in relation to the sale of the marital residence in the sum of $7,500, and for a receivership commission equal to 5% of the gross sale price of the marital residence in the sum of $8,975.63. The defendant opposed the motion. In an order dated January 31, 2023, the court, among other things, denied those branches of the motion. The plaintiff appeals.
Initially, to the extent the plaintiff contends that payments made from the proceeds of the sale of the marital residence to satisfy certain mortgages and liens constituted sale-related expenses in his capacity as receiver, and not the satisfaction of marital debts, the plaintiff failed to demonstrate that these payments did not relate to marital debts (see Ilyasov v Ilyas, 221 AD3d 791, 793; Turco v Turco, 117 AD3d 719, 722).
The plaintiff, in effect, contends that a change of circumstances existed warranting a modification of the provision in the February 2020 order directing that the net proceeds of the sale of the marital residence be divided equally between the parties. The plaintiff contends, inter alia, that, after testifying at the inquest, he learned of the mortgages and liens on the marital residence for the first time and that satisfaction thereof reduced the amount of his anticipated share of the net proceeds of the sale of the marital residence. "An equity court normally has power to change its decrees where there has been a change of circumstances" (Siegel v Siegel, 132 AD2d 247, 254 [internal quotation marks omitted]). Nonetheless, in contrast to child support and maintenance awards, "[a]n equitable distribution award cannot be modified . . . based upon a change of circumstances" (Maddaloni v Maddaloni, 194 AD3d 705, 709; see Wasserman v Wasserman, 103 AD3d 793, 793). Accordingly, even assuming that the plaintiff established a change of circumstances, the Supreme Court properly denied that branch of his motion which was, in effect, to modify the February 2020 order so as to award him 100% of the net proceeds of the sale of the marital residence.
Moreover, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying that branch of his motion which was for a receivership commission equal to 5% of the gross sale price of the marital residence in the sum of $8,975.63 (see D'Alauro v D'Alauro, 150 AD3d 675,677; see generally CPLR 8004[a]; Key Bank of N.Y. v Anton, 241 AD2d 482, 483).
However, the Supreme Court improperly denied that branch of the plaintiff's motion which was for an award of counsel fees and costs incurred in relation to the sale of the marital residence in the sum of $7,500. That branch of the plaintiff's motion related to services rendered and expenses incurred by the plaintiff's counsel in relation to the sale of the marital residence, not in relation to litigating this action for a divorce and ancillary relief, and was supported by the plaintiff's counsel's billing statements (see e.g. Reiter v Reiter, 65 AD3d 1209, 1210; Argento v Argento, 304 AD2d 684, 684; Nicholas A. Gabriele, P.C. v Fay, 50 Misc 3d 73, 77-78 [App Term, 2d Dept, 9th & 10th Jud Dists]). Further, the February 2020 order permitted the plaintiff to reimburse himself for sale-related expenses from the gross proceeds of sale.
The parties' remaining contentions are without merit.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court