Estella v Val Auto, LLC (2023 NY Slip Op 06120)

Estella v Val Auto, LLC

2023 NY Slip Op 06120

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2021-01403
 (Index No. 710413/19)

[*1]Paz S. Estella, respondent,
v
Val Auto, LLC, et al., defendants, New York City Transit Authority, et al., appellants.

Anna J. Ervolina (Gallo, Vitucci & Klar, New York, NY [Yolanda L. Ayala], of counsel), for appellants.
Leav & Steinberg, LLP, New York, NY (Regina Koyfman of counsel), for respondent.
In an action to recover damages for personal injuries, the defendants New York City Transit Authority and Metropolitan Transportation Authority appeal from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered January 22, 2021. The order granted the plaintiff's motion for leave to enter a default judgment against the defendant Access-A-Ride.

DECISION & ORDER
By order to show cause dated September 19, 2022, the parties were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal on the ground that the appellants are not aggrieved (see CPLR 5511). By decision and order on motion of this Court dated March 3, 2023, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeal, it is
ORDERED that the motion to dismiss the appeal on the ground that the appellants are not aggrieved is granted (see CPLR 5511); and it is further,
ORDERED that the appeal is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
A person is aggrieved within the meaning of CPLR 5511 "when he or she asks for relief but that relief is denied in whole or in part," or "when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis and footnote omitted]; see Saccheri v Cathedral Props. Corp., 123 AD3d 899, 900). In "rare instances a person against whom no relief is sought may be aggrieved by the granting of relief to an adversary against a party with whom he or she is united in interest" (Mixon v TBV, Inc., 76 AD3d at 157 n 2).
Here, the defendants New York City Transit Authority and Metropolitan Transportation Authority appeal from an order which granted the plaintiff's motion for leave to enter a default judgment against another defendant. Notwithstanding the fact that New York City Transit Authority and Metropolitan Transportation Authority opposed the plaintiff's motion, they were not aggrieved by the order granting the motion because the plaintiff did not seek, and the order did not grant, any relief against them (see id. at 156-157). Moreover, New York City Transit Authority and Metropolitan Transportation Authority have failed to demonstrate that they are "united in interest" (id. at 157 n 2) with the defaulting defendant under the particular circumstances of this case. Since New York City Transit Authority and Metropolitan Transportation Authority are not aggrieved by the order appealed from, their appeal must be dismissed (see CPLR 5511; Saccheri v Cathedral Props. Corp., 123 AD3d at 900; Mixon v TBV, Inc., 76 AD3d at 156-157).
IANNACCI, J.P., CHAMBERS, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court