Henry v Cook (2025 NY Slip Op 06694)

Henry v Cook

2025 NY Slip Op 06694

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2024-02855
 (Index No. 503694/20)

[*1]Damian T. Henry, respondent,
v
Tanata Cook, et al., defendants; Lateema Nero, nonparty-appellant.

Law Offices of Bryan Barenbaum, P.C., Brooklyn, NY (Huy M. Le and Andrew Pillersdorf of counsel), for nonparty-appellant.
Law Offices of Neil Moldovan, P.C., Garden City, NY (Gina M. Fortunato of counsel), for respondent.
In an action to recover damages for personal injuries, nonparty Lateema Nero appeals from an order of the Supreme Court, Kings County (Wavny Toussaint, J.) dated November 27, 2023. The order granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.

DECISION & ORDER
Motion by the respondent to dismiss the appeal on the ground that the appellant is not aggrieved by the order. By decision and order on motion of this Court dated December 16, 2024, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion to dismiss the appeal is granted; and it is further,
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiff and the defendants were involved in a motor vehicle accident. The plaintiff commenced this action to recover damages for personal injuries, alleging negligence. Nonparty Lateema Nero, a passenger in the defendants' vehicle, commenced a separate action against, among others, the plaintiff and the defendants. Thereafter, the plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. The two actions, along with a third related action, were joined for discovery and trial. In an order dated November 27, 2023, the Supreme Court granted the plaintiff's motion. Nero appeals.
The plaintiff moves to dismiss the appeal on the ground that Nero is not aggrieved by the order.
A person is aggrieved within the meaning of CPLR 5511 "when he or she asks for relief but that relief is denied in whole or in part," or "when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis omitted]; see Saccheri v Cathedral Props. Corp., 123 AD3d 899, 900). In "rare instances a person against whom no relief was sought may be aggrieved by the granting of relief to an adversary against a party with whom he or she is united in interest" (Mixon v TBV, Inc., 76 AD3d at 157 n 2).
Here, Nero appeals from an order that granted the plaintiff's motion for summary judgment against the defendants. Nero was not aggrieved by the order granting the motion because the plaintiff did not seek, and the order did not grant, any relief against her (see id. at 156-157). Moreover, Nero failed to demonstrate that she was "united in interest" (id. at 157 n 2) with the defendants under the particular circumstances of this case. Since Nero was not aggrieved by the order appealed from, her appeal must be dismissed (see CPLR 5511; Estella v Val Auto, LLC, 221 AD3d 967, 967-968; Saccheri v Cathedral Props. Corp., 123 AD3d at 900; Mixon v TBV, Inc., 76 AD3d at 156-157).
We decline the request by the plaintiff to impose sanctions against Nero for bringing an allegedly frivolous appeal (see 22 NYCRR 130-1.1).
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court