Matter of MTGLQ Invs., L.P. v Marconti (2025 NY Slip Op 07382)

Matter of MTGLQ Invs., L.P. v Marconti

2025 NY Slip Op 07382

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-09462
 (Index No. 64841/14)

[*1]MTGLQ Investors, L.P., respondent, 
vAnthony P. Marconti, etc., defendant; 75 Apricot, LLC, nonparty-appellant.

Matthew K. Tannenbaum (McKinley Law, P.C., Lloyd Harbor, NY [Shannon C. McKinley], of counsel), for nonparty-appellant.
Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 75 Apricot, LLC, appeals from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated July 13, 2023. The order denied that branch of the motion of the defendant, Anthony P. Marconti, which was pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale of the same court (Martha L. Luft, J.) entered November 1, 2019.
ORDERED that the appeal is dismissed, without costs or disbursements, as nonparty 75 Apricot, LLC, is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157).
CPLR 5511 provides, in relevant part, that "[a]n aggrieved party or a person substituted for him may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party." A person is aggrieved within the meaning of CPLR 5511 when, among other things, he or she asks for relief but that relief is denied in whole or in part (see Estella v Val Auto, LLC, 221 AD3d 967, 967; Mixon v TBV, Inc., 76 AD3d 144, 156-157). Here, nonparty 75 Apricot, LLC (hereinafter 75 Apricot), is not aggrieved within the meaning of CPLR 5511 since it neither moved for any relief nor was any relief granted against it. 75 Apricot's contention that it was entitled to prosecute this appeal on behalf of the defendant, Anthony P. Marconti, as his successor in interest pursuant to CPLR 1018 relies upon matter dehors the record. Accordingly, the appeal must be dismissed.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court