Sharma v Mullins (2026 NY Slip Op 00276)

Sharma v Mullins

2026 NY Slip Op 00276

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-05906
 (Index No. 602980/22)

[*1]Amit Sharma, etc., et al, respondents,
vKevin Mullins, et al., appellants, et al., defendants.

Ruskin Moscou Faltischeck, P.C., Uniondale, NY (Thomas A. Telesca of counsel), for appellants.
Harter Secrest & Emery LLP, Buffalo, NY (Lauren R. Mendolera and Katherine E. Rahmlow of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract and breach of fiduciary duty, the defendants Kevin Mullins and Salvatore Zavarella appeal from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated November 28, 2023. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was to disqualify Ruskin Moscou Faltischeck, P.C., as counsel for the defendant SpineCare Long Island, PLLC, and made certain findings of fact.
ORDERED that the appeal is dismissed, with costs.
In February 2022, the plaintiffs, individually and derivatively on behalf of SpineCare Long Island, PLLC (hereinafter SpineCare), commenced this action against, among others, the defendants Kevin Mullins, Salvatore Zavarella, and SpineCare. Thereafter, the plaintiffs moved, among other things, to disqualify Ruskin Moscou Faltischeck, P.C. (hereinafter RMF), as counsel for SpineCare on the ground that RMF had a conflict of interest in concurrently representing SpineCare, Mullins, and Zavarella. In an order dated November 28, 2023, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion. Mullins and Zavarella appeal.
A person is aggrieved within the meaning of CPLR 5511 "when he or she asks for relief but that relief is denied in whole or in part" or "when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis and footnotes omitted]). Here, Mullins and Zavarella appeal from so much of the order as granted that branch of the plaintiffs' motion which was to disqualify counsel for another defendant. Notwithstanding the fact that Mullins and Zavarella opposed that branch of the plaintiffs' motion, they were not aggrieved by so much of the order as granted that branch of the motion because the plaintiffs did not seek, and the order did not grant, any relief against them (see Estella v Val Auto, LLC, 221 AD3d 967, 968; Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637; Mixon v TBV, Inc., 76 AD3d at 156-157).
The remaining contentions of Mullins and Zavarella also are not properly before this Court. The mere fact that an order "contains language or reasoning that a party deems adverse to its [*2]interests does not furnish a basis for standing to take an appeal" (Lugo v Torres, 174 AD3d 592, 594 [internal quotation marks omitted]; see Castaldi v 39 Winfield Assoc., LLC, 22 AD3d 780, 781). Further, findings of fact and conclusions of law that do not grant or deny relief are not independently appealable (see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 801, 801).
Accordingly, we dismiss the appeal.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court